547 A.2d 863

William C. Kinzer, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs July 18, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*John P. Campana,* for appellant.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE CRAIG, September 21, 1988:

William C. Kinzer appeals an order of Judge ROBERT J. WOLLET of the Court of Common Pleas of Lycoming County, affirming a determination of the Pennsylvania Department of Transportation, Bureau of Driver Licensing, which suspended Kinzer's driver's license for one year because of his refusal to submit to a blood test.

Kinzer asserts that, because the Montoursville police officer stopped him outside of the boundaries of Montoursville, the officer was a private citizen with no power to arrest or compel him to submit to testing pursuant to section 1547 of the Motor Vehicle Code, 75 Pa. C. S. §1547. Because the officer observed Kinzer commit an offense within the boundaries of Montoursville, he was empowered to arrest Kinzer for that offense and empowered to compel him to submit to chemical testing, even though Kinzer had crossed the boundary lines into another jurisdiction.

The facts of the case are undisputed. Officer Rank of the Montoursville Police received a dispatch that a person, possibly driving under the influence, was parked at Montour Beverage in Montoursville. The officer went to Montour Beverage and observed Kinzer in a parked vehicle for about twenty minutes. Kinzer then pulled out of Montour Beverage and drove into a Weis Market parking lot. Officer Rank followed Kinzer and observed as Kinzer sat in the parking lot for another fifteen or twenty minutes. Kinzer drove out of the parking lot onto Walnut Street, and then to Route 87. Officer Rank followed Kinzer, observed his car cross the center line of Walnut Street, and continued to follow him onto Route 87. Outside of Montoursville, Kinzer tried to pass a car and then had to steer his vehicle abruptly back into his own lane. Officer Rank stopped Kinzer's vehicle, and detected a strong odor of alcohol on his breath. Officer Rank requested that Kinzer submit to a

field sobriety test, but Kinzer refused. Officer Rank then asked that Kinzer submit to a blood test and advised that, if Kinzer refused, his license would be suspended for one year. Kinzer refused to submit to the blood test. Officer Rank then arrested Kinzer for driving under the influence of alcohol,[1] and transported him to the Williamsport Hospital where Kinzer again refused to submit to a blood test.

In order to consider Kinzer's claim we must examine 42 Pa. C. S. §8953(a)(2), which provides:

> Any duly employed municipal police officer who is within this Commonwealth, but beyond the territorial limits of his primary jurisdiction, shall have the power and authority to enforce the laws of the Commonwealth or otherwise perform the function of that office as if enforcing those laws or performing those functions within the territorial limits of his primary jurisdiction in the following cases:
>
> . . . .
>
> (2) Where the officer is in hot pursuit of any person for any offense committed, or has probable cause to believe was committed, within his primary jurisdiction and for which offense the officer continues in fresh pursuit of the person after the commission of the offense.

In *Commonwealth v. Robb*, 238 Pa. Superior Ct. 62, 352 A.2d 515 (1975), a municipal police officer observed a driver drift through a red light, and cross the center line within his jurisdiction. He followed in pursuit of the driver and stopped the driver outside of his jurisdiction. When the officer approached the driver, he smelled the odor of alcohol on the driver's breath, and placed him under arrest for driving under the influ-

---

[1] 75 Pa. C. S. §3731.

ence. The Superior Court, interpreting a similar predecessor statute,[2] held that, because the officer had observed the driver commit the summary offense within his jurisdiction, he had the power to arrest the person for driving under the influence.

Similarly, in this case, Officer Rank observed Kinzer cross the center line of Walnut Street within the boundaries of Montoursville. He followed in pursuit as Kinzer crossed the border and left Montoursville. Under 42 Pa. C. S. §8953(a)(2), Officer Rank had the power to stop Kinzer for the offense committed within the boundaries of Montoursville, and upon smelling the odor of alcohol on Kinzer's breath, had reasonable cause to believe that Kinzer had been driving under the influence of alcohol, so that a request to submit to chemical testing was justified.

Accordingly, we affirm the sound decision of Judge WOLLET.

ORDER

NOW, September 21, 1988, the order of the Court of Common Pleas of Lycoming County at No. 87-00, 705, dated June 25, 1987, is affirmed.

---

[2] Section 1 of the Act of August 6, P.L. 511, *as amended,* 19 P.S. §11 provided:

Any police officer in the employ of a county, city, borough, town or township may arrest, with or without a warrant, any felon or person who had committed a misdemeanor, or summary offense beyond the territorial limits of the political subdivision employing such officer for such offense committed by the offender within the political subdivision employing the police officer if such officer continues in pursuit of the offender after the commission of the offense: provided, however, that a police officer shall exercise only the power of arrest that he would have if he were acting within the territorial limits of the political subdivision employing him.

This section was repealed by and replaced by Section 8901 of the Intrastate Hot Pursuit Act, Act of July 9, 1976, P.L. 586, 42 Pa. C. S. §8901. In 1982, the legislature repealed 42 Pa. C. S. §8901 and replaced it with 42 Pa. C. S. §8953(a)(2).