551 A.2d 394

John P. Pearson, Jr., Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs May 11, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*James F. Geddes, Jr.,* for appellant.

*Harold H. Cramer,* Assistant Chief Counsel, with him, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE SMITH, December 14, 1988:

John P. Pearson, Jr. (Appellant) appeals from a decision of the Court of Common Pleas of Columbia County, which dismissed his appeal and sustained the Department of Transportation's (DOT) one-year suspension of Appellant's operator's license pursuant to Section 1547(b)(1) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b)(1). The trial court's decision is affirmed.

On June 29, 1986, Officer Hess was directing traffic in Nescopeck Borough, Luzerne County, when he observed Appellant operating a motorcycle without a helmet. Officer Hess attempted to stop Appellant, but he drove away with the officer in pursuit. Appellant was eventually stopped in Columbia County by Officer Lucas of the Briar Creek Township Police Department who responded to a radio call from Officer Hess. Officer Hess, who arrived and took charge after Officer Lucas apprehended Appellant, testified that he detected an

odor of alcohol on Appellant's breath and observed that Appellant's eyes were glassy and watery. Appellant became belligerent and demanded a blood test. N.T., pp. 2-6.

Appellant was transported to Berwick Hospital for a blood test pursuant to his request. While in the parking lot outside the emergency room, Appellant refused to sign the officer's implied consent form after being advised of his rights. Appellant then became equivocal as to whether he would take the blood test, initially agreeing to do so, then refusing, and agreeing once again, whereupon Appellant was escorted into the emergency room. A lab technician subsequently requested Appellant to sign a blood alcohol consent form which contained a release of liability provision (Form) prior to administration of the blood test. Appellant looked at the Form for ten seconds, then stated, "I ain't signing nothing," and refused to sign the Form or submit to the blood test. He immediately thereafter stated that he was afraid of needles and wanted to take a breathalyzer. N.T., pp. 6-8, 17-19, 25. Appellant feared contracting hepatitis or Acquired Immune Deficiency Syndrome (AIDS). Appellant was advised by Officer Hess that a refusal to take the blood test would result in a one-year suspension of his operating privileges. On appeal from his license suspension, the trial court dismissed Appellant's action noting that Section 1547 does not permit a motorist to select the type of chemical test to be administered and that a blood test may be required regardless of a motorist's fear of needles.

Issues presented for review are whether the arresting officer had probable cause to request a blood alcohol test; whether Appellant's refusal to sign a hospital waiver form and submit to a blood test was justified; and

whether the arresting officer had jurisdiction to arrest Appellant in Columbia County.[1]

Appellant asserts that an odor of alcoholic beverages and watery eyes alone are insufficient grounds to establish intoxication. This Court has held that the test for determining whether reasonable grounds existed to conclude that a motorist operated his or her vehicle under the influence of intoxicating liquor is whether a reasonable person in the officer's position, viewing the facts and circumstances as they appeared at the time, could arrive at such a conclusion. *Lewis v. Commonwealth of Pennsylvania*, 114 Pa. Commonwealth Ct. 326, 538 A.2d 655 (1988). The trial court found that the officer not only relied upon Appellant's odor of alcohol and glassy eyes, but also his belligerent behavior when stopped. The trial court properly concluded, given the factual circumstances, that the officer possessed sufficient probable cause to arrest Appellant and to request a blood test.

Appellant argues that his refusal to take the test was based on the requirement that he sign a hospital release of liability form, and that his refusal to submit to procedures containing requirements in addition to the actual test does not constitute a refusal of testing for license suspension purposes. Appellant relies upon *Maffei v. Department of Transportation*, 53 Pa. Commonwealth Ct. 182, 416 A.2d 1167 (1980), which held that a motorist's duty to submit to a blood test cannot lawfully be burdened with the requirement that he or she sign a hospital waiver of liability form. In *Maffie*, the appellant

---

[1] This Court's scope of review is limited to determining whether the findings of fact are supported by competent evidence, whether errors of law have been committed, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Waldspurger v. Commonwealth of Pennsylvania*, 103 Pa. Commonwealth Ct. 148, 520 A.2d 83 (1987).

agreed to take the test and refused only after he was requested to sign a hospital release of liability form. Here, however, Appellant became equivocal as to whether or not he would submit to the blood test prior to presentation of the Form. He also indicated that he would not take the blood test due to his fear of needles. Appellant did not state that his refusal was based in any way upon the Form. N.T., pp. 8, 18-19. Moreover, Appellant testified that he did not understand the Form, yet failed to raise any questions to the lab technician or to the officers as to the contents of the Form. N.T., p. 26. Appellant's testimony indicates as well that his refusal was based upon his fears, not upon the Form:

Q. Did you indicate to anyone why you didn't want to sign it or why you didn't want to have any blood samples drawn from you?

A. I was afraid of getting hepatitis or aids from the needle.

. . . .

Q. . . . [T]he reason for not signing the form, you were afraid of aids and hepatitis?

A. Yes.

N.T., pp. 25-26. Appellant's conduct thus fits within the general rule that anything less than an unqualified, unequivocal assent to a request to submit to a chemical test constitutes a refusal. *Department of Transportation, Bureau of Traffic Safety v. Krishak,* 91 Pa. Commonwealth Ct. 307, 496 A.2d 1356 (1985). Nor does Appellant have any right under section 1547(a) of the Code, 75 Pa. C. S. §1547(a), to select which chemical test to take, and a fear of needles and contracting disease is no justification for refusal to take a required blood test. *See Borger v. Department of Transportation,* 110 Pa. Commonwealth Ct. 512, 532 A.2d 892 (1987); *Department of Transportation, Bureau of Driver Licensing v. Curran,* 107 Pa. Commonwealth Ct. 1, 526 A.2d 1265 (1987).

Finally, Appellant argues that the arresting officer did not have jurisdiction to arrest him. The trial court found that the testimony revealed no basis for Appellant's contention. In *Kinzer v. Department of Transportation,* 119 Pa. Commonwealth Ct. 604, 605, 547 A.2d 863, 864 (1988), this Court held that: "Because the officer observed Kinzer commit an offense within the boundaries of [his jurisdiction], he was empowered to arrest Kinzer for that offense and empowered to compel him to submit to chemical testing, even though Kinzer had crossed the boundary lines into another jurisdiction." Since Officer Hess observed Appellant commit an offense in Luzerne County, he properly pursued Appellant into Columbia County and arrested him there.

The record fails to demonstrate an error of law by the trial court. Accordingly, the trial court is affirmed.

ORDER

AND NOW, this 14th day of December, 1988, the decision of the Court of Common Pleas of Columbia County is affirmed.

Judge MACPHAIL did not participate in the decision in this case.