583 A.2d 70

**David S. HALFORD, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF TRAFFIC SAFETY, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 30, 1990.

Decided Nov. 30, 1990.

David L. Williams, Morgan, Hallgren, Crosswell & Kane, P.C., Lancaster, for appellant.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, with him, Harold H. Cramer, Asst. Chief Counsel, John L. Heaton, Chief Counsel, and Christipher Clements, Asst. Counsel, Harrisburg, for appellee.

Before CRAIG, President Judge, COLINS, J., and NARICK, Senior Judge.

CRAIG, President Judge.

David S. Halford appeals from an order of the Court of Common Pleas of Lancaster County, which affirmed a one-year license suspension imposed by the Department of Transportation, Bureau of Driver Licensing (department) for refusing to submit to a breathalyzer test in violation of section 1547(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b).

The salient issue is whether a police failure to explain the inapplicability of *Miranda* rights to alcohol testing will excuse a driver's non-performance of the test after the driver's spoken assent has suggested that the *Miranda* rights reading did not mislead him into thinking that he had a right to refuse.

According to facts found by the trial judge to be undisputed, on December 3, 1988, Officer Reed of the East Lampeter Township Police Department observed Halford spinning the tires on his vehicle and driving at an excessive speed. Upon approaching the vehicle, Reed detected a strong odor of alcohol on Halford's breath. After Halford failed several field sobriety tests, Reed arrested Halford and transported him to the East Lampeter Police Station.

At the station, an officer informed Halford of his *Miranda* rights. Corporal Schuler, a certified breath test operator, then asked Halford to submit to a breathalyzer test. Schuler advised Halford that a refusal to take the test would result in the suspension of his operator's privileges. Schuler started the intoxilyzer machine at which point Halford stated that he was going to be sick. Reed escorted Halford to the bathroom. Upon his return, Schuler readvised Halford of the effect of a refusal. At that point, Halford said that he wanted to talk with his lawyer. After Halford spoke with his lawyer, he agreed to take the test and Schuler attempted to administer the test again.

Schuler instructed Halford to blow air into the machine and warned him that failure to supply a sufficient amount of air into the machine would constitute a refusal. Although Halford attempted several times, he failed to supply enough air to obtain a valid reading. Therefore, Schuler recorded Halford's actions as a refusal.

The department notified Halford on December 16, 1988, that, effective January 2, 1989, his driving privileges would be suspended for one year because of his refusal, a violation of section 1547(b) of the Code, 75 Pa.C.S. § 1547(b). Halford appealed the suspension to the Court of Common Pleas of Lancaster County. The trial court dismissed Halford's appeal on June 27, 1989, and this appeal followed.

■■■ In a license suspension case under section 1547(b) of the Code, the Commonwealth must establish that the driver involved: (1) was arrested for driving while under the influence of alcohol; (2) was asked to submit to a breathalyzer test; (3) refused to do so; and (4) was informed that a refusal to submit to the test would result in the revocation of his driver's license. *Wheatley v. Department of Transportation*, 104 Pa.Commonwealth Ct. 171, 521 A.2d 507 (1987). As in this case, once the Commonwealth has proven that the driver failed to submit to the test, the burden shifts to the driver to prove by competent evidence that he was physically unable to take the test or not capable of making a knowing and conscious refusal.

*Department of Transportation v. Norton,* 103 Pa.Commonwealth Ct. 78, 519 A.2d 1085 (1987).

Halford argues that his refusal was not knowing and conscious because the officers did not tell him that the *Miranda* rights do not apply to the breathalyzer test. Halford relies on *Commonwealth v. McFadden,* 522 Pa. 100, 559 A.2d 924 (1989), where the Supreme Court held "that for a refusal to take a breathalyzer test to be knowing and conscious, a licensee must be told, prior to taking the test, that the *Miranda* right to counsel is not applicable." *Id.,* 522 Pa. at 102, 559 A.2d at 925. In that case, the police arrested the licensee, informed him of his *Miranda* rights and requested him to submit to a breathalyzer test. McFadden refused the test and asked to make a phone call. After making his call, McFadden became belligerent and the police put him in a cell and recorded a refusal.

In deciding that McFadden did not make a knowing and conscious refusal, the Supreme Court relied on *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989). In *O'Connell,* the Supreme Court expressed the purpose of granting O'Connell's petition for allowance of appeal as follows:

> [T]o give guidance in the troublesome situation presented in cases such as this one, where a person is arrested for a crime, read Miranda rights, and is then told to submit to a breathalyzer test, but is not told that his right to see an attorney does not extend to taking this test.

*Id.,* 521 Pa. at 247–48, 555 A.2d at 875.

However, this court has held in *Department of Transportation v. Tomczak,* 132 Pa.Commonwealth Ct. 38, 571 A.2d 1104 (1990), and most recently in *Appeal of Attleberger,* 136 Pa.Commonwealth Ct. 329, 583 A.2d 24 (1990), that where the facts as found by the trial court indicate that the licensee's refusal to submit to chemical testing did not involve any confusion as to the applicability of *Miranda* rights, *O'Connell* is not applicable.

In *Tomczak*, the testimony of the licensee revealed that he was not confused as to whether his *Miranda* rights applied to the breathalyzer test. Rather, the licensee testified that his confusion stemmed from not knowing what he needed to do to avoid suspension of his license. Thus, the testimony of the licensee negated any confusion he may have had as to the applicability of his *Miranda* rights.

In *Attleberger*, the licensee's testimony indicated confusion only with respect to his obligation to submit to a blood test after taking a preliminary test, not as to *Miranda* warnings, which the officer had not stated to him.

In this case, Halford spoke to his attorney and gave spoken assent to the test. His subsequent refusal resulted from his failure to supply enough air into the machine, not from any confusion regarding his *Miranda* rights. When a licensee does not exert a total conscious effort and thereby fails to supply a sufficient breath, the licensee's actions constitute a refusal. *Budd Appeal*, 65 Pa.Commonwealth Ct. 314, 442 A.2d 404 (1982).

Halford also contends that the police officer's instructions, as to how long he had to blow into the intoxilyzer machine, created an *O'Connell* type confusion. However, as previously stated, *O'Connell* only applies to a licensee's confusion over *Miranda*.

Accordingly, the order of the trial court is affirmed.

### ORDER

NOW, November 30, 1990, the order of the Court of Common Pleas of Lancaster County, No. 146–1989, dated June 27, 1989, is affirmed.

COLINS, J., dissents.