587 A.2d 46

**Donna Marie LEBERFINGER, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF TRAFFIC SAFETY, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 9, 1990.

Decided Feb. 13, 1991.

David L. Williams, Morgan, Hallgren, Crosswell & Kane, P.C., Lancaster, for appellant.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, and Donald J. Smith, Harrisburg, for appellee.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Donna Marie Leberfinger appeals from an order of the Court of Common Pleas of Lancaster County which dismissed her appeal of a one (1) year suspension of her driving privileges imposed by the Department of Transportation (Department) for her refusal to submit to chemical testing pursuant to Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1).[1]

The pertinent facts are as follows: On October 19, 1989, Leberfinger was arrested for driving under the influence.[2] She was transported by police officers to a local hospital to have blood drawn to determine her blood alcohol content. Leberfinger refused to submit to the test stating that she was afraid of needles. The arresting officer read to her the implied consent law but Leberfinger still refused.

1. Section 1547(b)(1) provides as follows:
   If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

2. Section 3731(a) of the Vehicle Code, 75 Pa.C.S. § 3731(a), provides in pertinent part: A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:
   (1) under the influence of alcohol to a degree which renders the person incapable of safe driving;
   . . . .
   (4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.

Leberfinger received notice from the Department of the suspension of her driving privileges and she appealed this suspension to the common pleas court. A hearing was held on May 24, 1990, where Leberfinger presented testimony, in the form of a deposition of her personal physician, Dr. Gerald L. Weaver. Dr. Weaver testified that in his medical opinion Leberfinger suffered from a phobia of needles, and that her fear of needles is such that it overrides her normal judgment in assenting to a medical procedure involving needles. The common pleas court held that even where a fear of needles is substantiated by medical evidence, the refusal is nonetheless unexcused as a matter of law. The court, therefore, dismissed the appeal. Appeal to this Court followed.

■ Leberfinger argues on appeal that her fear of needles is so substantial that it renders her physically unable to submit to a blood test. She further argues that the trial court erred in disregarding the medical evidence establishing the extent of her fear and the effect of this fear on her ability to consent to medical procedures.

This Court has previously determined that the fear of needles is no justification for refusal to take a required blood test. *McCullough v. Department of Transportation, Bureau of Traffic Safety*, 122 Pa.Commonwealth Ct. 415, 551 A.2d 1170 (1988). In *McCullough*, the licensee testified as to his fear of needles but did not present medical evidence that he had a phobia. In this case such evidence was presented. The question is then whether this evidence, if found credible, can provide a basis for a determination that a licensee's refusal is excused. We hold as a matter of law that the additional factor of medical evidence establishing a substantial fear of needles is not of such legal significance that it negates the implied consent of a licensee to submit to the blood test for driving under the influence. We so hold because there is no statutory support for any argument to the contrary. We accordingly affirm the order of the Court of Common Pleas of Lancaster County.

The Department requests that counsel fees and costs be assessed against Leberfinger and her attorney in accordance with Pa.R.A.P. 2744.[3] The Department contends that because the issue of refusal to submit to blood testing because of fear of needles is well settled, Leberfinger's appeal is frivolous.

■ An appeal is considered frivolous if, either as a matter of fact or law, the appellant's contentions have no likelihood of success or the continuation of the contest is unreasonable. *Richland School District v. Richland Education Association by Morgan*, 124 Pa.Commonwealth Ct. 459, 556 A.2d 531 (1989). Because this precise issue, *i.e.*, whether medical testimony establishing a phobia of needles is sufficient to constitute a defense to a refusal to take a blood test, has not previously been addressed by the Court, we cannot hold that Leberfinger's appeal had no likelihood of success and was, therefore, frivolous. We decline to award counsel fees and costs to the Department on that basis.

The order of the Court of Common Pleas of Lancaster County is affirmed.

## ORDER

NOW, February 13, 1991, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is affirmed.

---

**3.** Rule 2744 permits an appellate court to award, in addition to costs, reasonable counsel fees, "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious."