598 A.2d 1069

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Blaine E. BEATTY, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 21, 1990.

Decided Oct. 25, 1991.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, for appellant.

Timothy J. Geary, for appellee.

Before CRAIG, President Judge, and PALLADINO and PELLEGRINI, JJ.

CRAIG, President Judge.[1]

The Department of Transportation, Bureau of Driver Licensing (department) appeals from an order of the Court of Common Pleas of Westmoreland County sustaining the appeal of Blaine E. Beatty (licensee) from a one-year license suspension imposed by the department for refusing to submit to a breathalyzer test in violation of section 1547(b) of the Vehicle Code (code), 75 Pa.C.S. § 1547(b). We vacate the common pleas court order and remand this matter for further proceedings.

In a letter dated May 31, 1989, the department notified the licensee that as a result of his refusal to submit to chemical testing on March 26, 1989, his license would be suspended for one year pursuant to section 1547(b) of the code. The licensee appealed to the Court of Common Pleas of Westmoreland County which conducted a *de novo* hearing.

At the hearing, the department presented the testimony of Henry Long, a former police officer of the Allegheny Township Police Department. Officer Long testified that, on the night of March 26, 1989, he observed the licensee driving in an erratic and reckless manner. Officer Long stopped the vehicle driven by the licensee and noticed an odor of alcohol on the licensee's breath. After the licensee failed a field sobriety test, the officer transported him to the police station.

At the police station, Officer Long explained the implied consent law to the licensee. The licensee agreed to submit to a breathalyzer test. Officer Long along with Officer Sola administered two sets of breathalyzer tests to the licensee.

During Officer Sola's administration of the first series of tests, the licensee blew into the mouthpiece but did not provide a sufficient amount of air. Officer Long testified that he could hear air escaping from around the mouthpiece. Officer Long then attempted to administer the

1. This case was assigned to the writer on June 11, 1991.

breathalyzer test to the licensee. Again, the licensee failed to provide a sufficient sample of air. The police officers recorded the licensee's actions as a refusal.

Officer Long testified that the licensee tried "as best he could" to take the test. The licensee also testified, stating that he could not get enough air into his lungs to blow enough air into the machine to register a sample. The licensee stated that he gave his best effort to supply a sample but simply was unable to do so.

During the trial court proceedings, the licensee attempted to offer into evidence medical testimony as to his physical incapacity. The trial court deferred the licensee's offer pending its ruling on the evidence taken at trial. The trial court determined that the licensee made a good faith effort to submit to the test and reversed the suspension. This appeal followed.

The primary issue in this case is whether a licensee who, in the trial court judge's view, has made a good faith effort to comply with a breathalyzer test, but who failed to provide a sufficient breath, has refused to submit to the breathalyzer test.

■ Our decision is controlled by *Department of Transportation, Bureau of Driver Licensing v. Kilrain*, 140 Pa.Commonwealth Ct. 484, 593 A.2d 932 (1991). In *Kilrain*, this court addressed the issue of whether a "good faith" effort satisfies the mandate of section 1547 of the code. This court stated that "a trial court's finding that a licensee made a good faith attempt to complete the breathalyzer test is irrelevant to the question of whether the licensee refused the test. Anything less than a completed breathalyzer test which registers a blood alcohol reading on the breathalyzer constitutes a refusal." *Id.*, 140 Pa.Commonwealth Ct. at 484, 593 A.2d 932. Therefore, in accordance with *Kilrain*, the licensee's failure to supply a sufficient breath sample is a per se refusal.

■ Because the department has proved that the licensee failed to submit to chemical testing, the burden shifts to the

licensee to prove by competent evidence that he was physically unable to take the test or not capable of making a knowing and conscious refusal. *Department of Transportation, Bureau of Traffic Safety v. Cassidy*, 103 Pa.Commonwealth Ct. 582, 521 A.2d 59 (1987). Whether a licensee has satisfied this burden is a determination to be made by the trial court. *Waigand v. Commonwealth*, 68 Pa.Commonwealth Ct. 541, 449 A.2d 862 (1982).

 In the trial court proceedings, the licensee offered the deposition testimony of his treating physician to prove his physical inability to comply with the breathalyzer test. The department did not object to the licensee's request for a continuance to depose his physician. However, because the trial court sustained the licensee's appeal, based on the licensee's good faith effort, the need to depose the doctor never arose.

As previously stated, because the department has met its burden of proving that the licensee refused to submit to chemical testing, the licensee must show by competent medical evidence that he was physically unable to take the test. Therefore, this court must vacate the common pleas court order and remand this case to the trial court for consideration of the licensee's expert medical testimony.

## ORDER

NOW, October 25, 1991, the order of the Court of Common Pleas of Westmoreland County Civil Division at No. 4437 of 1989, dated April 25, 1990, is vacated and remanded. On remand, the trial court shall determine whether the licensee's expert medical testimony, if presented, meets his burden of proving that he was physically unable to take the breathalyzer test.

Jurisdiction relinquished.

PELLEGRINI, Judge, dissenting.

I dissent for reasons set forth in the dissenting opinion in *Department of Transportation, Bureau of Driver Licens-*

*ing v. Kilrain,* 140 Pa.Commonwealth Ct. 484, 593 A.2d 932 (1991).