## PennDOT v. Boyer

*Gina D'Alfonso, assistant counsel,* for PennDOT.
*Joseph B. Policicchio,* for defendant.

FIKE II, *P.J.* September 30, 1992 — Defendant appeals from a suspension of his driver's license for refusal to take a breath test after arrest for driving under the influence of alcohol.

The pertinent facts may be summarized briefly.

Officer Hutzell, of the Berlin Borough police force, observed appellant driving erratically, pursued and stopped the vehicle. Upon confronting the appellant, the officer smelled a strong odor of alcohol, noticed that appellant's speech was slurred, and that his eyes were bloodshot and glassy. After failing field sobriety tests, appellant was arrested for driving under the influence of alcohol.

The officer requested appellant to submit to a blood test. Appellant refused, stating that he was afraid of needles, but stated also that he would submit to a breathalyzer test. Although not required to do so, the officer acceded to the appellant's request and transported appellant to the State Police barracks for a breathalyzer test.

After arrival at the barracks, the breathalyzer was prepared and appellant was instructed how to blow into the machine. According to both the arresting officer and the trooper, however, the appellant did not make an honest effort to complete the breath test, but instead simulated breathing into the mouthpiece, allowing air to escape from the sides of his mouth. The appellant was given at least four opportunities to comply. Appellant's failure to provide a valid breath sample was considered a refusal. The officer testified that had appellant submitted to the breath test he would not have submitted the case to the Department of Transportation as a refusal.

Appellant asserts that the trooper did not instruct him in any detail as to the proper method of blowing into the machine and that he provided the appellant with only two opportunities to take the test. Appellant testified

that he tried to supply the requisite air for the breathalyzer but was not able to do so, through no fault of his own.

Appellant presents two issues for our review. He contends that: (1) the officer's subsequent approval of a breath test negated defendant's prior refusal to take the blood test; and (2) he acted in good faith when trying to provide an air sample for the breathalyzer test and thus his failure to provide an adequate sample was not a refusal.

Although we agree with appellant that the blood test refusal was waived, we find that his failure to provide sufficient air for the breathalyzer test constituted a refusal, and we, therefore, must affirm the suspension.

## I. Does the Subsequent Offer of a Breath Test Preclude Suspension of Driver's License for a Previously Refused Blood Test?

It is an established principle that the operator of a motor vehicle impliedly consents to have his blood alcohol tested for the purpose of determining whether he was operating a vehicle under the influence of alcohol. *PennDOT, Bureau of Traffic Safety v. Bartle,* 93 Pa. Commw. 132, 500 A.2d 525 (1985). Failure to submit to such testing constitutes a refusal, thereby resulting in the suspension of the subject's driver's license. See 75 Pa.C.S. §1547(a).

It is also established in Pennsylvania that fear of needles is no justification for failure to submit to a blood-alcohol test. *Leberfinger v. PennDOT,* 137 Pa. Commw. 605, 587 A.2d 46 (1991). See also *Pearson v. Commonwealth,* 122 Pa. Commw. 91, 551 A.2d 394 (1988). It has recently been held that "medical evidence establishing substantial fear of needles is not of such great legal significance that it negates the implied consent of a licensee to submit

to the blood test for driving under the influence." *Leberfinger,* 137 Pa. Commw. at 607, 587 A.2d at 47.

Once an officer has requested that a driver submit to a blood-alcohol test, the driver has no right or option to choose the type of test. *PennDOT, Bureau of Traffic Safety v. Bartle,* 93 Pa. Commw. at 134, 500 A.2d at 526. However, in situations where the driver refuses to submit to one type of test, and the officer gratuitously offers the driver a subsequent opportunity to submit to a different test, the prior refusal is waived. *Marmo v. PennDOT,* 543 A.2d 236, 238 (Pa. Commw. 1988), on reconsideration, 121 Pa. Commw. 191, 550 A.2d 607 (1988).

In the instant case, when the appellant explicitly refused the blood test offered by the officer because appellant stated that he feared needles, the officer was justified in classifying appellant's response as a refusal. If the officer had so desired, he could have ended the confrontation with appellant at that point, even though appellant had offered to submit to a breathalyzer test. However, because the officer decided to "give the appellant a break" by allowing appellant the opportunity to submit to the breathalyzer test, the prior refusal of the blood test does not constitute a refusal for license suspension purposes.

## II. *Does Failure to Provide an Adequate Sample of Air for a Breathalyzer Test Constitute a Refusal Where Appellant Claims He Acted in Good Faith?*

Under Pennsylvania law, a licensee's failure to supply a sufficient sample of air for a breathalyzer test is a refusal under the Implied Consent Law. 75 Pa.C.S. §1547(b). *PennDOT v. Beatty,* 143 Pa. Commw. 272, 275, 598

A.2d 1069, 1070 (1991). Anything less than a completed test constitutes a refusal. *Id.* Thus when a licensee does not exert total conscious effort and does not supply sufficient breath, the licensee's actions constitute a refusal. *Halford v. PennDOT,* 136 Pa. Commw. 421, 425, 583 A.2d 70, 72 (1990). This is true irrespective of whether the licensee acted in good faith in trying to complete the test. *Beatty,* 143 Pa. Commw. at 275, 598 A.2d at 1070. See also, *PennDOT v. Kilrain,* 140 Pa. Commw. 484, 593 A.2d 932 (1991); *PennDOT v. Jones,* 38 Pa. Commw. 400, 395 A.2d 592 (1978). Moreover, a licensee must produce credible medical evidence explaining his inability to produce a sufficient breath of air in order for the court not to consider his failure to complete the test as a refusal.[1] *Jones,* 38 Pa. Commw. at 404-05, 395 A.2d at 594.

Where the licensee continually blows air out of the sides of his mouth rather than into the tube, or fails to make a tight seal around the mouthpiece, the action constitutes a refusal. In *PennDOT v. Jones, supra,* a licensee made repeated attempts to supply sufficient air. Despite several attempts by the examiner to instruct the licensee, the licensee continued to blow air out of the sides of her mouth. Testimony indicated that the licensee supplied "healthy blasts" and performed the test in good faith. The court held that such failure constituted a refusal absent any medical evidence to explain the licensee's inability to complete the test. *Jones,* 38 Pa. Commw. at 404-05, 395 A.2d at 593-94.

---

1. Burden of proving physical inability to complete the breathalyzer test is on the licensee and self-serving testimony that licensee made a good-faith effort to comply with the test will not suffice to satisfy that burden. *PennDOT v. Siegert,* 98 Pa. Commw. 337, 511 A.2d 268 (1986).

Similarly, in *PennDOT v. Beatty*, 143 Pa. Commw. 272, 598 A.2d 1069 (1991), a licensee could not supply a sufficient amount of air to register on the machine, despite repeated good-faith attempts. The court held that the inability constituted a refusal despite undisputed best efforts. *Id.* at 275, 598 A.2d at 1070.[2]

In the case at bar, appellant was shown how to blow into the machine and was afforded repeated opportunities to supply a sufficient sample of air. Despite these attempts, appellant did not blow sufficient air into the machine to complete the test. Appellant presented no medical evidence to explain his inability to provide sufficient breath. Consequently, his failure to complete the test must be considered a refusal for license suspension purposes.

We will affirm the order suspending appellant's driver's license.

### ORDER

Now, September 30, 1992, it is ordered that the appeal is dismissed and the suspension order of the Department of Transportation shall be reinstated.

---

2. For factually similar cases in accord with *Jones* and *Beatty*, see *PennDOT v. Kilrain*, 140 Pa. Commw. 484, 593 A.2d 932 (1991); *PennDOT v. Pestock*, 136 Pa. Commw. 694, 584 A.2d 1075 (1990) (licensee continually allowed air to escape from sides of mouth); *PennDOT v. Siegert*, 98 Pa. Commw. 337, 511 A.2d 268 (1986) (officer requested licensee to repeat test several times and licensee continually failed to breathe properly into mouthpiece); *Brinkerhoff v. PennDOT*, 59 Pa. Commw. 419, 430 A.2d 338 (1981) (licensee appeared to be avoiding test intentionally by not blowing into machine); *PennDOT v. Hanes*, 49 Pa. Commw. 407, 411 A.2d 571 (1980).