### Alkis KOUTSOUROUBAS

v.

### COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 7, 2012.

Decided Jan. 14, 2013.

Publication Ordered March 14, 2013.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellant.

Charles G. Nistico, Media, for appellee.

BEFORE: McGINLEY, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION by Senior Judge FRIEDMAN.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the June 8, 2012, order of the Court of Common Pleas of Delaware County (trial court), which granted the license suspension appeal of Alkis Koutsouroubas (Licensee) and reinstated his operating privilege. We reverse.

On November 10, 2011, DOT suspended Licensee's operating privilege for one year for refusing to submit to chemical testing on August 23, 2011, in violation of section 1547(b)(1) of the Vehicle Code,[1] commonly referred to as Pennsylvania's Implied Consent Law, 75 Pa.C.S. § 1547(b)(1). Licensee appealed, and the trial court held a *de novo* hearing on May 22, 2012.

At the hearing, Licensee testified on his own behalf and DOT presented the testimony of Sergeant Amanda Pombo of the Upper Darby Police Department. Based on their testimony, the trial court found that on August 23, 2011, a car sped past Sgt. Pombo in the left lane as she drove in the right lane on Township Line Road. (N.T., 5/22/12, at 5.) The car changed lanes, from left to right, without signaling. (*Id.* at 6.) The car stopped at a red light, signaled, and made a right turn. (*Id.*) The car pulled into the parking lot of a convenience store. (*Id.*) Sgt. Pombo followed the car into the parking lot and positioned her cruiser behind the car. (*Id.*)

Licensee then exited the car. (*Id.* at 6.) Sgt. Pombo asked Licensee to return to the car, which he did. (*Id.*) Sgt. Pombo told Licensee that she had stopped him because he was speeding. (*Id.*) Licensee disagreed and a verbal exchange occurred. (*Id.*) Sgt. Pombo asked Licensee to provide his insurance card and registration; Licen-

1. 75 Pa.C.S. §§ 101—9805.

see confused the insurance card with the registration. (*Id.* at 6–7.) Sgt. Pombo testified that Licensee had bloodshot, glassy eyes and slurred speech. (*Id.* at 19.)

Sgt. Pombo noticed that Licensee smelled like alcohol. (*Id.* at 23.) Sgt. Pombo asked Licensee if he had been drinking and Licensee admitted that he drank two beers with dinner. (*Id.* at 19.) Eventually, Licensee became argumentative and refused to exit the vehicle for field sobriety testing. (*Id.* at 8.)

Sgt. Pombo had taken the key from Licensee's vehicle to prevent him from attempting to flee. (*Id.* at 8.) Licensee exited the vehicle, presumably to retrieve the key. (*Id.*) At this point, Sgt. Pombo placed Licensee under arrest for driving under the influence. (*Id.*) Sgt. Pombo read Licensee his implied consent warnings twice. Licensee refused to consent to chemical testing. (*Id.* at 8–9.)

■ Based on this evidence, the trial court determined that Sgt. Pombo did not have reasonable grounds to arrest Licensee for operating his vehicle under the influence of alcohol, sustained his appeal, and reinstated his operating privileges. DOT now appeals to this court.[2]

■ DOT argues that the trial court erred in concluding that Sgt. Pombo lacked reasonable grounds to believe that Licensee drove under the influence of alcohol. We agree.

■ Section 1547(b)(1) of the Vehicle Code allows for the suspension of the operating privilege of a person who refuses to submit to chemical testing, stating in pertinent part:

> [i]f any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person ...

75 Pa.C.S § 1547(b)(1). If the licensee appeals the suspension:

> DOT must establish that the licensee: (1) was arrested for driving under the influence by a police officer who had *reasonable grounds* to believe that the licensee was operating or was in actual physical control of the movement of the vehicle while under [the] influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that refusal might result in a license suspension.

*Banner v. Department of Transportation, Bureau of Driver Licensing,* 558 Pa. 439, 445, 737 A.2d 1203, 1206 (1999) (emphasis added).

■ "Reasonable grounds exist when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the motorist was operating the vehicle while under the influence of intoxicating liquor." *Id.* at 446, 737 A.2d at 1207. "While there is no set list of behaviors that a person must exhibit for an officer to have reasonable grounds for making an arrest, case law has provided numerous examples of what this [c]ourt has accepted as reasonable grounds in the

---

**2.** *Our scope of review is limited to determining whether the trial court's decision is supported by substantial evidence, whether there has been an error of law, or whether the decision indicates a manifest abuse of discretion. Stahr v. Department of Transportation, Bureau of Driver Licensing,* 969 A.2d 37, 39 n.

2 (Pa.Cmwlth.2009). "Whether reasonable grounds exist is a question of law reviewable by the court on a case by case basis." *Banner v. Department of Transportation, Bureau of Driver Licensing,* 558 Pa. 439, 447, 737 A.2d 1203, 1207 (1999).

past, e.g., staggering, swaying, falling down, belligerent or uncooperative behavior, slurred speech, and the odor of alcohol." *Stancavage v. Department of Transportation, Bureau of Driver Licensing,* 986 A.2d 895, 899 (Pa.Cmwlth.2009), *appeal denied,* 606 Pa. 668, 995 A.2d 355 (2010). "[T]he standard for reasonable grounds is not very demanding and the police officer need not be correct in his belief that the motorist had been driving while intoxicated." *Sisinni v. Department of Transportation, Bureau of Driver Licensing,* 31 A.3d 1254, 1259 (Pa.Cmwlth. 2011), *appeal denied,* —— Pa. ——, 44 A.3d 1163 (2012).

In this case, the trial court focused on the lack of evidence that Licensee was "staggering, swaying, falling down or in any manner exhibiting [a] lack of coordination or balance." (Trial Ct. Op., ¶ 11.) However, no requirement exists that a lack of motor skills be exhibited in order to formulate reasonable grounds. In *Sisinni,* this court found reasonable grounds existed despite the fact that the licensee passed two field sobriety tests. 31 A.3d at 1259.

Moreover, Licensee's refusal to submit to field sobriety testing denied Sgt. Pombo from having further meaningful opportunity to observe Licensee's coordination and balance.

■■■■ Evidence indicated that Licensee: sped past Sgt. Pombo's marked car, failed to signal when changing lanes, became angry and argumentative upon being pulled over,[3] exhibited slurred speech and glassy eyes,[4] confused his registration and insurance card,[5] smelled of alcohol and admitted to drinking alcohol,[6] and refused to submit to field sobriety testing.[7] Though perhaps none of these factors individually would be sufficient to show reasonable grounds, their cumulative impact allows a reasonable officer to conclude that Licensee operated his vehicle under the influence of alcohol.

Licensee also argues that the Act of September 30, 2003, P.L. 120, effective February 1, 2004 (Act 24), heightened the requirements for reasonable grounds under section 1547(a) of the Vehicle Code.[8]

---

3. Belligerent behavior can also be considered by the officer. *See Pearson v. Commonwealth,* 122 Pa.Cmwlth. 91, 551 A.2d 394, 395 (1988) (considering belligerent behavior in the context of determining probable cause to arrest).

4. " '[T]he showing of glassy eyes alone is insufficient to support the conclusion that an officer had reasonable grounds to believe an individual was intoxicated at a given point in time.' " *Sisinni,* 31 A.3d at 1258 (finding reasonable grounds where the licensee exhibited glassy eyes, a slight odor of alcohol, and admitted to drinking two alcoholic drinks, despite the licensee's passing of two field sobriety tests) (citation omitted).

5. Confusion can be indicative of being under the influence of alcohol. *See Department of Transportation v. Wysocki,* 517 Pa. 175, 181, 535 A.2d 77, 80 (1987).

6. While the odor of alcohol and an admission that one has been drinking may not, by itself, give an officer reasonable grounds, it is clear-

ly an indication that one might be under the influence. *See Wysocki,* 517 Pa. at 181, 535 A.2d at 80.

7. Refusing to submit to field sobriety testing can be considered. *See Mooney v. Department of Transportation, Bureau of Driver Licensing,* 654 A.2d 47, 49 (Pa.Cmwlth.1994).

8. Licensee notes that, prior to February 1, 2004, former section 1547(a) of the Vehicle Code provided:

if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle: (1) *while under the influence of alcohol or a controlled substance or both ...*

75 Pa.C.S. § 1547(a) (emphasis added). Whereas, section 1547(a) of the Vehicle Code now reads:

if a police officer has reasonable grounds to believe the person to have been driving,

Specifically, Licensee argues that the police officer must have a "sufficient basis to believe that the operator was not simply under the influence, but rather under the influence to a degree that renders him or her incapable of safe driving." (Appellee's Br. at 11–12.) We disagree.

Act 24 changed the wording of section 1547(a)(1) to include additional references to driving with a suspended license and driving without an ignition interlock system. These two new statutory references precipitated changing the language "while under the influence of alcohol or a controlled substance or both" to the statutory reference to section 3802 of the Vehicle Code. Otherwise, section 1547 of the Vehicle Code would have been inconsistently worded, overly verbose, and potentially confusing. Certainly, nothing indicates that the legislature intended Act 24 to increase the substantive requirements for reasonable grounds, especially given the overall character of Act 24 in enabling drunk-driving enforcement.

Thus, given the totality of the circumstances, we conclude that the record contains substantial evidence to prove that Sgt. Pombo had reasonable grounds to believe that Licensee operated his vehicle under the influence of alcohol.

Accordingly, we reverse the trial court's order sustaining Licensee's statutory appeal and reinstate DOT's suspension of Licensee's driving privileges.

### ORDER

AND NOW, this *14th* day of *January*, 2013, we reverse the June 8, 2012, order of

the Court of Common Pleas of Delaware County.

operating or in actual physical control of the movement of a vehicle: (1) in violation of section 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked), *3802 (relating to driving under influence of alcohol or controlled substance)* or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock) ... 75 Pa.C.S § 1547(a) (emphasis added).