537 A.2d 111

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Harold Montgomery, Appellee.

Argued December 18, 1987, before Judges DOYLE, PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, for appellant.

*Steven M. Janove,* with him, *Ronald F. Kidd, Duane, Morris & Heckscher,* for appellee.

OPINION BY SENIOR JUDGE KALISH, February 12, 1988:

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from an order of the Court of Common Pleas of Montgomery County which sustained the appeal of Harold Montgomery (appellee) from the suspension of his operating privileges. We reverse the order of the court of common pleas and reinstate the suspension of appellee's operating privileges.

On October 28, 1984, police officer Joseph Conover of the Abington Township Police Department responded to a call concerning a possible drunken driver. Officer Conover, along with police officer George McReynolds, intercepted the suspect vehicle, operated by appellee, and stopped it. The officers gave appellee some

field sobriety tests which he failed to perform to their satisfaction. The officers then took appellee into custody and transported him to the Abington Police Station.

Appellee agreed to submit to a breath test, but upon discovering that the Intoximeter machine was not working properly, he was told that he would be taken to a hospital for a blood test. Appellee refused to take a blood test because he said that he bleeds profusely and has a fear of needles. Officer Conover advised appellee that a refusal would result in an automatic one-year suspension of his driver's license pursuant to Section 1547 of the Vehicle Code, *as amended*, 75 Pa. C. S. §1547. However, appellee still refused to take a blood test.

In *Department of Transportation, Bureau of Traffic Safety v. Bartle*, 93 Pa. Commonwealth Ct. 132, 500 A.2d 525 (1985), a case factually similar, we said, "There is nothing in [the act] to indicate that the driver has the option of choosing the test, although he does have the right to have his own physician administer a blood test." *Id.* at 134, 500 A.2d at 526.

Accordingly, we reverse the order of the court of common pleas and reinstate the suspension of appellee's operating privileges.

## ORDER

NOW, February 12, 1988, the order of the Court of Common Pleas of Montgomery County, in No. 84-19279, dated March 18, 1986, is reversed, and the suspension of the operating privileges of Harold Montgomery is reinstated.