610 A.2d 76

**COMMONWEALTH of Pennsylvania, DEPARTMENT of TRANSPORTATION, BUREAU of DRIVER LICENSING, Appellant,**

v.

**William H. MEASE, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 21, 1991.

Decided Oct. 25, 1991.

Publication Ordered June 24, 1992.

William A. Kuhar, Jr., and Timothy P. Wile, for appellant.

Craig E. Frischman, for appellee.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of William H. Mease (Mease) from a one-year suspension of his operating privilege pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b). We reverse.

On September 12, 1990, Mease was arrested by Officer Brian T. McGuire (Officer McGuire) of the Upper St. Clair

Police Department for driving under the influence of alcohol, 75 Pa.C.S. § 3731. Officer McGuire requested Mease to submit to a blood test at St. Clair Hospital to determine his blood alcohol content. Officer McGuire explained to Mease the implied consent law noting that a refusal to submit to chemical alcohol testing would result in a one-year suspension of his operating privilege. Mease informed Officer McGuire that he had a fear of needles stemming from a reaction to injections and as a result he was not willing to submit to the blood test as requested. Mease informed Officer McGuire that he would be agreeable to a breath test as an alternative to the blood test. Mease was then transported to the police station since he was unwilling to go to the hospital for a blood test and a refusal was recorded.

■ By official notice dated and mailed September 26, 1990, the Department notified Mease that his operating privilege was scheduled to be suspended for one-year pursuant to Section 1547 of the Code due to his failure to submit to chemical alcohol testing. Mease appealed his suspension to the Court of Common Pleas of Allegheny County which, after a *de novo* hearing, entered an order dated January 2, 1991 which sustained his appeal. The Department filed this timely appeal.[1]

Section 1547(a) of the Code provides that any person who drives, operates or is in actual physical control of a motor vehicle in the Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance. 75 Pa.C.S. § 1547(a). Section 1547(b) of the Code provides that if any person placed under arrest for driving under the influence of alcohol or controlled substances is requested to submit to

1.  Our scope of review in driver's license suspension cases is limited to determining whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether there was a manifest abuse of discretion. *Wheatley v. Department of Transportation*, 104 Pa.Commonwealth Ct. 171, 521 A.2d 507 (1987).

chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, DOT shall suspend the operating privilege of the person for a period of 12 months. 75 Pa.C.S. 1547(b). In order to sustain a license suspension under Section 1547(b) of the Code, the Department must establish that: (1) the driver involved was arrested for driving while under the influence of alcohol; (2) the driver was requested to submit to a chemical test; (3) the driver refused to submit to the test; and (4) the driver had been specifically warned that refusal would result in suspension of his driver's license. 75 Pa.C.S. § 1547(b); *Larkin v. Commonwealth,* 109 Pa.Commonwealth Ct. 611, 531 A.2d 844 (1987).

It is undisputed that Mease was arrested for driving under the influence of alcohol, was requested to submit to a blood test, and had been specifically warned that refusal would result in a one-year suspension of his operating privileges. The trial court found that Mease explained to Officer McGuire that he had a phobia about needles. The trial court further found Mease's offer to take an alternative test reasonable and concluded that he was not refusing chemical testing. The Department argues that the trial court erred as a matter of law when it held that a fear of needles was a defense to the suspension of operating privileges as a result of Mease's refusal of a blood test.

■ This Court has consistently held that the fear of needles is no justification for refusal to take a required blood test. *Leberfinger v. Department of Transportation, Bureau of Traffic Safety,* 137 Pa.Commonwealth Ct. 605, 587 A.2d 46 (1991); *McCullough v. Department of Transportation, Bureau of Traffic Safety,* 122 Pa.Commonwealth Ct. 415, 551 A.2d 1170 (1988); *Department of Transportation, Bureau of Driver Licensing v. Montgomery,* 113 Pa.Commonwealth Ct. 421, 537 A.2d 111 (1988). Accordingly, the automatic suspension under 75 Pa.C.S. § 1547(b) was triggered by Mease's refusal to submit to a blood test after the test was requested and he was warned of the consequences of a refusal.

■ The trial court erred by concluding that Mease's offer to take a breath test vitiated his express refusal to take

the blood test. In *Department of Transportation, Bureau of Driver Licensing v. Curran,* 107 Pa.Commonwealth Ct. 1, 526 A.2d 1265 (1987), this Court held that a driver who refuses to take a blood test, even though consenting to a breath or urine test, has failed to comply with the requirements of Section 1547 of the Code. Section 1547 does not afford a driver a choice among the three tests listed; rather, it is the police officer who has the option to choose the type of chemical test to be administered. *Id; see also Borger v. Department of Transportation,* 110 Pa.Commonwealth Ct. 512, 532 A.2d 892 (1987). Officer McGuire requested Mease to submit to a blood test and he refused. Mease's subsequent offer to submit to a breathalyzer test does not vitiate his refusal to submit to the blood test. Therefore, the trial court's finding that Mease's offer to take an alternative test was reasonable is irrelevant to the determination of whether or not he refused the test. Accordingly, the trial court erred by concluding that Mease did not refuse the test.

Once the Department has established that the driver failed to submit to the chemical test, the burden then shifts to the driver to prove by competent medical evidence that he was physically unable to take the test or not capable of making a knowing and conscious refusal. *Department of Transportation, Bureau of Driver Licensing v. Norton,* 103 Pa.Commonwealth Ct. 78, 519 A.2d 1085 (1987). At the hearing, Mease testified that, on the night in question, he was under the influence of a prescription medicine for an ear infection. Mease admitted a copy of the prescription as evidence. However, Mease presented no medical testimony concerning the side effects of the medication. *See Department of Transportation, Bureau of Traffic Safety v. Cassidy,* 103 Pa.Commonwealth Ct. 582, 521 A.2d 59 (1987) (side effects of prescription medication were not matters of common knowledge). Since Mease was required to produce competent medical testimony in order to present such a defense, and he produced none, we cannot conclude that his refusal was properly excused.

Mease also admitted into evidence a doctor's note concerning his reaction to needles. The note indicated that Mease was unable to receive an injection due to his extreme fear of

needles. However, this Court has held that, as a matter of law, "the additional factor of medical evidence establishing a substantial fear of needles is not of such legal significance that it negates the implied consent of a licensee to submit to the blood test for driving under the influence." *Leberfinger,* 137 Pa.Commonwealth Ct. at 607, 587 A.2d at 47. Therefore, Mease failed to satisfy his burden of proving by competent medical evidence that he was physically unable to take the blood test or not capable of making a knowing and conscious refusal.

Having found that the Department had satisfied its burden of proof to sustain the license suspension and having subsequently concluded that Mease failed to satisfy his burden to establish a defense to the refusal, we must reverse the trial court's order sustaining his appeal and reinstate the suspension.

## ORDER

AND NOW, this 25th day of October, 1991, the order of the Court of Common Pleas of Allegheny County, dated January 2, 1991, sustaining the appeal of William H. Mease is reversed and the suspension is reinstated.