William F. JACOBS, Jr.

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 11, 1997.

Decided June 10, 1997.

Timothy P. Wile, Assistant Counsel In-Charge, and Harold H. Cramer, Assistant Chief Counsel, Harrisburg, for appellant.

Charles A. Knoll, Jr., Pittsburgh, for appellee.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

COLINS, President Judge.

The Department of Transportation, Bureau of Driver Licensing (the Department), appeals an order of the Court of Common Pleas of Allegheny County (Common Pleas Court) which sustained the appeal of William F. Jacobs, Jr. (Jacobs) from a one-year suspension of his operating privilege for failure to submit to chemical testing pursuant to Section 1547(b)(1) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b)(1).[1]

---

1. Section 1547(b)(1) provides:

   If any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

On August 23, 1995, Police Sergeant Michael Hoover (Officer Hoover) stopped a vehicle driven by Jacobs after observing it moving in an erratic manner. Noting that Jacobs's eyes were glassy and that a "strong odor" of alcohol emanated from Jacobs's breath, Officer Hoover had Jacobs perform field sobriety tests, which tests Jacobs failed. Thereafter, Officer Hoover took Jacobs to the Sewickley Valley Hospital (hospital) where, according to the record, he informed Jacobs that he was under arrest for driving under the influence of alcohol (DUI), read to Jacobs paragraphs one through five of a written implied consent law warning form, and asked that Jacobs submit to a blood test. Although Jacobs signed the implied consent form, he refused to undergo the blood test. Officer Hoover reported Jacobs's conduct to the Department as a refusal to undergo the blood test.

By official notice dated and mailed September 28, 1995, the Department notified Jacobs that, as a result of his reported refusal to submit to chemical testing on August 23, 1995, his operating privilege was being suspended for one year, pursuant to 75 Pa. C.S. § 1547(b)(1). On October 23, 1995, Jacobs filed a statutory appeal from that one-year suspension with Common Pleas Court.

At a *de novo* hearing before Common Pleas Court, the Department presented the testimony of Officer Hoover and submitted a copy of the implied consent law warning form into evidence. Jacobs testified that in 1992, he had undergone a laminectomy, that in 1994, he had undergone surgery on both eyes, and that he also suffers from psoriasis. As a result, Jacobs averred that he was very concerned about his health, particularly the risk of contracting the HIV virus, and that he did not wish to chance any invasive procedure (including injections and test procedures utilizing needles) that might undermine his health and well-being. The brief submitted on Jacobs's behalf avers that he

informed Officer Hoover about the foregoing medical conditions, and that he experienced a panic attack that rendered him physically unable to make a knowing and conscious refusal to submit to chemical testing. Common Pleas Court found Jacobs's health concerns as to the blood test to be reasonable and sustained his appeal.

The Department now appeals Common Pleas Court's decision. In reviewing a driver's license suspension case, our scope of review is limited to determining whether the trial court committed an error of law or an abuse of discretion and whether its findings of fact are supported by substantial evidence. *Winebarger v. Department of Transportation*, 655 A.2d 1093, 1094 n. 3, (Pa.Cmwlth. 1995), *petition for allowance of appeal denied*, 542 Pa. 638, 665 A.2d 472.

The Department argues that Jacobs failed to inform Officer Hoover of his medical history and condition, which failure precludes Jacobs's reliance upon that history and condition as a defense to his refusal, and precludes him from presenting evidence on that issue. The Department further contends that because it established its *prima facie* case warranting the one-year suspension of Jacobs's operating privilege, the burden of proof shifted to Jacobs to establish by competent and unequivocal expert testimony that his medical condition rendered him physically incapable of submitting to the requested blood test. Because Jacobs failed to produce any expert testimony at the hearing to prove the foregoing, the Department maintains that Common Pleas Court erred in sustaining his appeal.

We agree. Notwithstanding the averments in Jacobs's brief, a thorough review of the record fails to show that Jacobs informed Officer Hoover about any medical conditions that would either preclude his ability to undergo a blood test or preclude him from making a knowing and conscious refusal to submit to such a test.[2] In this

---

75 Pa.C.S. § 1547(b)(1).

2. With regard to licensee's advising the arresting officer of any health limitations related to chemical testing, this Court, in *Hatalski v. Department of Transportation, Bureau of Driver Licensing*, 666 A.2d 386, (Pa.Cmwlth.1995), stated:

In *Department of Transportation, Bureau of Driver Licensing v. Wilhelm*, 156 Pa.Cmwlth. 24, 626 A.2d 660 (1993), we held that where a licensee suffers from a medical condition whose existence, 1) affects the licensee's ability to perform the test and 2) is not obvious, the licensee is required to inform the officer of the

regard, we concur with the Department's contention that Jacobs is precluded from presenting expert medical testimony on the foregoing issue. At the same time, we recognize that "[w]here a licensee, absent an obvious medical condition, was precluded from making a knowing and conscious refusal of chemical testing allegedly due to that condition, he has the burden of proving by competent medical evidence that his condition prevented such knowing and conscious refusal." *Hoffman v. Department of Transportation,* 687 A.2d 395, 398 (Pa.Cmwlth.1996).

 In addressing Jacobs's fear of invasive procedures such as a blood test, we note that "[t]his Court has consistently held that the fear of needles is no justification for refusal to take a required blood test." *Department of Transportation, Bureau of Driver Licensing v. Mease,* 148 Pa.Cmwlth. 14, 610 A.2d 76, 78 (1991). Like Jacobs, the licensee in *Mease* had an extreme fear of needles thereby rendering him unable to receive an injection, even for a diagnostic medical procedure. Therein, this Court, quoting *Leberfinger v. Department of Transportation, Bureau of Traffic Safety,* 137 Pa. Cmwlth. 605, 587 A.2d 46, 47 (1991), stated,

> 'the additional factor of medical evidence establishing a substantial fear of needles is not of such legal significance that it negates the implied consent of a licensee to submit to the blood test for driving under the influence.' ... Therefore, Mease failed to satisfy his burden of proving by competent medical evidence that he was physically unable to take the blood test or not capable of making a knowing and conscious refusal.

*Mease,* 610 A.2d at 79.

Jacobs, like the licensee in *Mease,* has failed to meet his burden of proof in establishing a viable defense to his refusal to take the blood test. Accordingly, we reverse Common Pleas Court's order sustaining Jacobs's appeal and reinstate the suspension.

condition so an alternative chemical test that the licensee could perform can be administered. If the Officer was not so notified, the licensee is precluded from relying upon any such condition or inability as an affirmative defense to a suspension as a consequence of a

*ORDER*

**AND NOW,** this 10th day of June, 1997, the order of the Court of Common Pleas of Allegheny County sustaining the appeal of William F. Jacobs, Jr. in the above-captioned matter is reversed, and the suspension is reinstated.

test refusal.... The licensee has the burden of proving that he or she was so overwrought *at the time of the testing* he or she could not notify the testing officer of his or her physical incapability. (Emphasis in original.) *Id.* at 390.