849 A.2d 284 (2004)
Louis E. GOMBOCZ, Jr.
v.
COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.
Commonwealth Court of Pennsylvania.
Submitted on Briefs April 8, 2004.
Decided May 11, 2004.
*285 Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.
David H. Knight, Doylestown, for appellee.
BEFORE: COLINS, President Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.
OPINION BY President Judge COLINS.
The Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals the Court of Common Pleas of Bucks County order sustaining Louis Gombocz, Jr.'s appeal of a one-year suspension of his driving privilege for a chemical test refusal in violation of 75 Pa.C.S. § 1547 based on unreasonable administrative delay attributable to PennDOT.
On June 25, 1999, Gombocz filed his appeal of PennDOT's June 3, 1999 notice of suspension with the Court of Common Pleas of Lehigh County. Upon Penn DOT's motion, by order dated September 7, 1999, the appeal was transferred to Bucks County, where the licensee was arrested for the underlying violation of 75 Pa.C.S. § 3731 for driving while under the influence of alcohol. The physical transfer occurred on October 1, 1999. On December 17, 1999, counsel for Gombocz filed an order for hearing date, and on March 24, *286 2000 filed a motion for hearing date. The trial court's docket entry for that motion bears the notation, "Document put in file incomplete for submission to court." The trial court did not act on any of Gombocz's submissions.
On April 17th 2003, PennDOT filed a motion to dismiss for lack of prosecution, and the trial court issued a rule to show cause why a judgment of non pros should not be entered. In its motion, PennDOT averred a period of docket inactivity since March 24, 2000, that the delay was caused by Gombocz's failure to comply with rules of court and failure to take action to further the appeal, that PennDOT was prejudiced by the delay, and that the appeal should be dismissed for Gombocz's failure to prosecute. Gombocz filed an answer in which he averred that he had done all he could to effectuate the appeal, that counsel had contacted the court administrator on a number of occasions, that he was not the cause of the delay, and that the delay prejudiced no one so much as Gombocz, whose appeal still had not been heard. The answer referenced the order for hearing date, a subsequent letter from counsel to the court administrator requesting the next available hearing, and the March 24, 2000 motion for hearing. The trial court denied PennDOT's motion by order dated June 26, 2003.
At an October 16, 2003 hearing on the merits of Gombocz's appeal, counsel for Gombocz moved that the appeal be sustained because of unreasonable prejudicial delay in that Gombocz did not have sufficient recollection of the May 1999 arrest that would allow him to testify truthfully under oath. The arresting officer had no independent recollection and had to testify from his notes about the events surrounding Gombocz's arrest. On cross-examination, the officer did not know what day of the week the arrest took place, or what Gombocz was wearing. Gombocz took the witness stand and admitted that he was arrested for driving under the influence of alcohol, but he stated that after 4 years, he could not remember the events surrounding the arrest, the field sobriety tests, the alleged chemical test refusal, or his interaction with the arresting officer.
The trial court sustained the appeal and set aside the suspension. Citing Terraciano v. Department of Transportation, 562 Pa. 60, 753 A.2d 233 (2000), the judge found that PennDOT, after moving for a change of venue, did nothing to move the case forward for a de novo hearing; that administrative delay may be held against PennDOT; and that Gombocz was prejudiced by the delay.
PennDOT raises the following issue on appeal: whether the licensee as appellant had the burden of moving the case forward such that the trial court erred when it attributed the delay to PennDOT? Our review in a license suspension case is limited to determining whether the trial court's findings are supported by the requisite evidence and whether it committed an error or abused its discretion. 2 Pa. C.S. § 704. To sustain a license suspension appeal based on delay, the licensee must prove 1) unreasonable delay attributable to PennDOT; and 2) prejudice if the licensee were forced to go ahead with the appeal. Terraciano.
PennDOT is correct that the appellant has the burden of moving the case forward. Tarka v. Department of Transportation, Bureau of Driver Licensing, 756 A.2d 138 (Pa.Cmwlth.2000); Koller v. Department of Transportation, Bureau of Driver Licensing, 682 A.2d 82 (Pa.Cmwlth. 1996). However, the inquiry does not end there. The evidence in this case establishes that a hearing was scheduled in Lehigh County, and PennDOT moved to have the case transferred to Bucks County *287 even though it could have tried the case in Lehigh County. After the case was transferred to Bucks County, counsel for Gombocz filed an order for hearing, a letter to the court administrator in which he stated that appellant was seeking a hearing, and a motion for hearing. The evidence also establishes that after obtaining a change of venue, PennDOT did nothing to move the case forward until more than 4 years later, when it moved to dismiss for lack of prosecution, which motion was denied based on the evidence presented.
As the courts have often stated, PennDOT was an active party to the case and had a duty to stay abreast of all developments in the appeal process. Terraciano; Fisher v. Department of Transportation, Bureau of Driver Licensing, 682 A.2d 1353 (Pa.Cmwlth.1996). In this case, as in Fisher, PennDOT failed to file a praecipe or motion to move the case forward to hearing, failed to file its non pros motion until over 4 years after the case was transferred, and failed to seek reinstatement of the suspension otherwise. The evidence supports the trial court's conclusion that the delay was attributable to PennDOT. Even if counsel for Gombocz could have and should have continued his efforts to move the case forward, a comparison of counsel's efforts to obtain a hearing and PennDOT's complete failure to attempt to move the case forward militates in favor of attributing the delay primarily to PennDOT. This case is distinguishable from Tarka, in which no evidence was produced to establish that the licensee/appellant made any effort to move the case forward during a 3-year gap in the docketed proceedings.
In the present case, the testimony of the arresting officer and Gombocz supports the trial judge's conclusion that Gombocz was prejudiced by the delay. The arresting officer could not testify except from his notes. Gombocz had no honest recollection of the events surrounding his arrest and the alleged refusal to submit to chemical testing, and he had no notes from which to refresh his memory. Although in most license suspension cases the licensee must establish prejudice with evidence of a change in his circumstances in reliance on his belief that his operating privilege would not be impaired, in this case the licensee was prejudiced in his ability to defend his appeal through his own testimony in a case the outcome of which often turns on the trial judge's credibility determinations. A decision on the merits cannot reasonably be based on such unreliable evidence. A delay that results in the unavailability of witnesses because of they can no longer testify from memory after the passage of time violates the licensee's due process right to a prompt hearing.
Accordingly, the trial court's order is affirmed.

ORDER
AND NOW, this 11th day of May 2004, the order of the Court of Common Pleas of Bucks County is affirmed.