907 A.2d 1048

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**James Martin MUDD, III, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 11, 2006.

Decided Oct. 17, 2006.

John Ciroli, for James Martin Mudd, III, appellant.

Michael Wayne Streily, Pittsburgh, Robert A. Willig, Paul R, Scholle, Allegheny County District's Attorney's Office, for the Com. of Pennsylvania, appellee.

## *ORDER*

PER CURIAM.

Appeal dismissed as having been improvidently granted.

Justice BALDWIN files a Dissenting Statement.

Justice BALDWIN dissenting.

Because I believe this case presents an important but unresolved question of constitutional law, I respectfully dissent from the majority's order dismissing the case as improvidently granted.

Appellant, James Mudd III, was stopped by a police officer for making an illegal U-turn. When removed from the vehicle, Appellant was asked to perform three field sobriety tests. Appellant failed to satisfactorily complete the tests and was arrested on suspicion of Driving Under the Influence.[1] Appellant was transported to a nearby DUI checkpoint where a phlebotomist was stationed in order to extract blood for a blood alcohol content analysis. Appellant informed the officer of his fear of needles, which was taken as a refusal to submit to the blood test. He was not given the opportunity to take either a breath or a urine test. Instead, because of the refusal, Appellant's driving privileges were suspended for one year. *See* 75 Pa.C.S. § 1547(b).

Pennsylvania's Implied Consent Statute, 75 Pa.C.S. § 1547(a), reads as follows:

> Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance. . . .

*Id.* The question presented to this Court is whether permitting the investigating officer to choose, with *unfettered discretion,* which test to administer constitutes an unreasonable search and seizure in violation of the 4th Amendment to the United

---

1. 75 Pa.C.S. § 3802.

States Constitution and Article 1, Section 8 of the Pennsylvania Constitution. In more specific terms, under Section 1547, this Court is asked to resolve who is empowered to choose the method of testing, and, if a police officer is vested with *unfettered discretion* to choose, whether that renders this search [2] constitutionally unreasonable?

"Permission to operate a motor vehicle upon the highways of this Commonwealth is a privilege subject to such conditions as the legislature may see fit to impose." *Commonwealth v. Wysocki*, 517 Pa. 175, 177, 535 A.2d 77, 78 (1987), citing *Commonwealth v. Funk*, 323 Pa. 390, 186 A. 65 (1936). "Among these conditions prescribed the General Assembly is the 'implied consent' to submit to chemical testing pursuant to section 1547 of the Vehicle Code...." *Wysocki*, 517 Pa. at 178, 535 A.2d at 78. Relying on the notion that driving is a privilege, not a right, the lower courts have posited that "a police officer with reasonable grounds to believe that a licensee was operating a vehicle under the influence has *unfettered discretion* under Section 1547 to request the licensee to submit to a breath, blood or urine test." *McCullough v. Dep't of Transp.*, 122 Pa.Cmwlth. 415, 551 A.2d 1170, 1172 (1988) (emphasis added). Moreover, the courts have held that such unfettered discretion "allows police officers, not licensees, to choose the type of chemical testing to be given to a licensee." *Mooney v. Dep't of Transp.*, 654 A.2d 47, 50 (1994), citing *Kostyk v. Dep't of Transp.*, 131 Pa.Cmwlth. 455, 570 A.2d 644 (1990) (en banc). *Accord Tarka v. Dep't of Transp.*, 756 A.2d 138 (Pa.Commw.Ct.2000); *McCullough v. Dep't of Transp.*, 122 Pa.Cmwlth. 415, 551 A.2d 1170 (1994); *Dep't of Transp. v. Mease*, 148 Pa.Cmwlth. 14, 610 A.2d 76 (1991). The Superior Court adopted this analysis in the instant matter. *Commonwealth v. Mudd*, No. 1364 WDA 2001, slip op. at 4–7, 2003 WL 22057983 (Pa.Super.Ct. May 27, 2003).

**2.** Undoubtedly, extracting blood, breath, or urine for purposes of alcohol content analysis is a search and seizure. *See Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *Skinner v. Railway Labor Executives' Assoc.*, 489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989); and *Dep't of Transp. v. McFarren*, 514 Pa. 411, 525 A.2d 1185 (1987).

Yet, it is clear that the language of Section 1547 does not ipso facto confer such *unfettered discretion* to the police. Without statutory guidance or precedent established by this Court, I cannot to defer to the holdings of the lower courts. For the reasons that follow, I believe this case presents an important constitutional question that this Court must resolve. The interests of our bench and bar, police force, and citizenry would be best served by a clear opinion on this question.

Unquestionably, driving on this Commonwealth's roadways is a privilege. To exercise this privilege, section 1547 requires a motorist to consent to a search and seizure when suspected of DUI. The unresolved question this Court must answer is: to what does a motorist consent? Does a motorist consent to a warrantless search and seizure, an unreasonable search and seizure, or both? A fair reading of the lower court decisions in this area imply that once a motorist pulls his vehicle onto the street, he has consented to the *unfettered discretion* of the police officer to conduct a warrantless search and seizure, regardless of its reasonableness. Similarly to assuming that section 1547 bestows unfettered discretion on a police officer to choose which test to administer, the lower courts, without legal authority, have assumed that section 1547 requires a motorist to submit to unreasonable searches and seizure in this context. The lower court decisions found it sufficient to reason that, since driving is a privilege, no constitutional rights attach. I cannot agree. An analysis of the reasonableness of the search is still required.

Had these courts analyzed the issue using a constitutionally required reasonableness standard, the decisions would not constitute legal error and could be reviewed for an abuse of discretion. However, to assume the non-existence of any pertinent constitutional rights is, indeed, legal error. A simple review of this Court's case law demonstrates that a search and seizure in this context *must be constitutionally reasonable.* This Court's decision in *Dep't of Transp. v. McFarren,* 514 Pa. 411, 525 A.2d 1185 (1987), illustrates. In *McFarren,* we were asked whether Section 1547 authorized the police to

administer a second chemical test where the results of a first test were sufficiently reliable. We specifically stated:

> In order to justify a second intrusion, the police officer must establish circumstances which support the reasonableness of a second search. To hold otherwise would subject an individual to "unreasonable searches and seizures" in violation of Article I, § 8 of our Constitution. . . . However, requiring a blood test after completing a breathalyzer solely to enhance the evidence and guarantee a conviction is not "reasonable" under Art. 1, § 8 of our Constitution.

*McFarren,* 514 Pa. at 417–18, 525 A.2d at 1188. In my view, this language correctly identifies that the implied consent statute requires consenting to a warrantless search and seizure, *but does not ipso facto dispose of the constitutional reasonableness requirement.* Thus, I believe the analysis employed by the lower courts on this issue is misplaced and incomplete.

A proper resolution does not depend on whether driving is a privilege or whether a fear of needles is an insufficient justification for refusing a blood test. *See McCullough,* 551 A.2d at 1172; *Mease,* 610 A.2d at 78; and *Dep't of Transp. v. Montgomery,* 113 Pa.Cmwlth. 421, 537 A.2d 111, 111–12 (1988). The crucial inquiry is whether it is constitutionally infirm to grant *unfettered discretion* to the investigating officer to choose which test to administer.

The 4th Amendment to the United States Constitution and Article I, Section 8, of the Pennsylvania Constitution prohibit "unreasonable searches and seizures." Since a blood alcohol test is a search, *see* note 2, supra, the test will pass constitutional muster only if it is reasonable. *United States v. Sharpe,* 470 U.S. 675, 682, 105 S.Ct. 1568, 1573, 84 L.Ed.2d 605 (1985). A balancing test is utilized to determine the reasonableness of a particular search or seizure, wherein the intrusion on the individual of a particular law enforcement practice is weighed against the government's promotion of legitimate interests. *Delaware v. Prouse,* 440 U.S. 648, 654, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979); *Commonwealth v. Blouse,* 531 Pa. 167, 169, 611 A.2d 1177, 1178 (1992), citing *Brown v. Texas,* 443

U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979). Moreover, "a central concern in balancing the opposing interests is protecting the individual from arbitrary invasions at the *unfettered discretion* of the officers in the field." *Blouse,* 531 Pa. at 170, 611 A.2d at 1178, citing *Brown,* 443 U.S. at 50–51, 99 S.Ct. at 2640. (emphasis added).

As noted above, the Commonwealth Court's jurisprudence holds that police officers in the field have unfettered discretion under 1547 to request a chemical test, and that this discretion gives the officer the right to choose which test. *See McCullough* and *Mooney, supra.* However, language granting this discretion is conspicuously absent from section 1547. Nevertheless, unfettered discretion of a police officer in the field is precisely what the *Prouse* and *Brown* decisions cautioned against in upholding the requirement that all searches and seizures be reasonable.

In weighing the intrusion on the individual, one must consider the motorist who has strong religious, medical, or psychological reasons not to take a particular chemical test. Under the current law, a police officer may arbitrarily ignore these requests and demand that the motorist submit to the blood test without any reason whatsoever. Flouting an individual's sacred beliefs under the current law requires only the exercise of *unfettered discretion.* The motorist may refuse, but in doing so, would lose his driving privileges for one year. Of course, the motorist may also challenge the suspension in court. However, the damage has already occurred. A court could overturn the suspension, but could never undo the arguably unnecessary intrusion the motorist sought to avoid.

The government's interest behind section 1547 is in detecting motorists under the influence of alcohol or controlled substances. However, that interest is not necessarily frustrated if a particular motorist requests a breath test rather than a blood test. Nothing in the record before this Court suggests that blood tests are more reliable than breath or urine tests.[3]

3. The facts of the instant matter are an anomaly because a phlebotomist was at the checkpoint site. The typical procedure is to transport the

Weighing these factors, I would hold that vesting *unfettered discretion* to choose which chemical test to be administered is unreasonable and in violation of the 4th Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. Of course, this holding would not be an absolute bar to an officer requiring one test or another. Inevitably exigent circumstances may arise that would preclude an officer from accommodating the motorist's choice. In such a situation, it would not be unreasonable for an officer to require the motorist to submit to the only available test. Such is the nature of a balancing test.

In conclusion, the Commonwealth Court's litany of cases granting police officers in the field unfettered discretion to choose which chemical test to administer is premised on legal error. Those courts have assumed that since driving is a privilege, no constitutional rights attach. The proper inquiry is whether bestowing the unfettered discretion on a police officer meets the reasonableness requirement of our Constitutions. The majority order dismisses this case as improvidently granted. To the contrary, I believe this case presents this Court with the opportunity to correct the legal errors perpetrated by the lower courts in these cases, and answer the question this Court has never answered: whether permitting the investigative officer to mandate which chemical test to administer under section 1547 is unreasonable pursuant to the 4th Amendment and Article I, Section 8.

Respectfully, I dissent.

individual to a local hospital where more than one type of chemical testing is available.