J. S45017/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NICHOLAS ALAN MYERS | : | |
| Appellant | : | |
| | : | No. 1464 WDA 2015 |

Appeal from the Judgment of Sentence September 1, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000810-2015

BEFORE: OLSON, DUBOW AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 6, 2016**

Appellant, Nicholas Alan Myers, appeals from the trial court's

Judgment of Sentence entered on September 1, 2015, in the Court of

Common Pleas of Cambria County following Appellant's conviction for

Illegally Operating a Motor Vehicle Not Equipped with Ignition Interlock and

Driving While Operating Privilege is Suspended or Revoked, Second

Offense.[1]  Appellant's counsel, John R. Kalenish, Esquire (Attorney Kalenish),

has filed an Application to Withdraw as Counsel (Petition to Withdraw) and

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3808(a)(1) and 1543(b)(1), respectively.

an **Anders**[2] Brief stating that the appeal is wholly frivolous. After careful review, we affirm the Judgement of Sentence and grant counsel's Petition to Withdraw.

On December 22, 2014, Police Officer Corey Hicks initiated a traffic stop on Appellant's vehicle, a red Chevrolet, after observing the vehicle drive the wrong direction down Laurel Avenue, a one-way street. Officer Hicks observed that Appellant's license had an ignition interlock label in the bottom right-hand corner and was a restricted license. Officer Hicks contacted Cambria County 911, which confirmed that Appellant's license was an "interlock license" and that Appellant's license had been suspended for one year effective July 8, 2014. (N.T. 9/1/15, at 9.) Appellant was charged with, *inter alia*, Illegally Operating a Motor Vehicle Not Equipped with Ignition Interlock and Driving While Operating Privilege is Suspended or Revoked, Second Offense.

On September 1, 2015, following a non-jury trial, the trial court found Appellant guilty of both offenses. On the same day, the trial court sentenced Appellant to an aggregate term of 45 to 90 days' incarceration and fines totaling $500.00.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[2] **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

On 8/11/16, Attorney Kalenish filed a Petition to Withdraw and an *Anders* Brief.[3]

As a preliminary matter, we address Attorney Kalenish's Petition to Withdraw. "When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted).

In order for counsel to withdraw from an appeal pursuant to *Anders,* our Supreme Court has determined that counsel must meet certain requirements, including:

(1)   provide a summary of the procedural history and facts, with citations to the record;

(2)   refer to anything in the record that counsel believes arguably supports the appeal;

(3)   set forth counsel's conclusion that the appeal is frivolous; and

(4)   state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

---

[3] On July 14, 2016, court-appointed counsel Gregory J. Neugebauer, Esquire (Attorney Neugebauer), filed a Motion to Withdraw as Counsel due to a professional conflict. On July 25, 2016, this Court granted Attorney Neugebauer's Motion, appointed Attorney Kalenish to represent Appellant, and ordered Attorney Kalenish to file an advocate's Brief or *Anders* Brief within thirty days.

*Commonwealth v. Santiago,* 978 A.2d 349, 361 (Pa. 2009).

We note that Attorney Kalenish has complied with all of the requirements of *Anders* as articulated in *Santiago*. Additionally, Attorney Kalenish confirms that he sent Appellant a copy of the *Anders* Brief, as well as a letter explaining to Appellant that he has the right to proceed *pro se* or the right to retain new counsel. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super 2005) (describing notice requirements). Attorney Kalenish appended a copy of the letter to his Petition to Withdraw.

Once "counsel has met these obligations, it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa. Super. 2015) (citation and internal quotation marks omitted). Further "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Id.* at 1250 (footnote and citation omitted).

Appellant raises the following issue on appeal: "Did the [t]rial court err in not acquitting [Appellant] because the underlying statute violates [Appellant]'s constitutional right to operate a vehicle upon public highways?" Appellant's Brief at 2.

The Honorable Norman A. Krumenacker, III, sitting as the trial court, has authored a comprehensive and well-reasoned Opinion, citing to relevant

statutes and case law in addressing Appellant's claim on appeal. After a careful review of Appellant's arguments and the record, we affirm on the basis of the trial court's Opinion which concluded that: (1) neither the United States Constitution nor the Pennsylvania Constitution recognizes a right to operate a motor vehicle; (2) the operation of a motor vehicle is a privilege afforded by the state and subject to regulation by the state; and (3) the underlying statutes, 75 Pa.C.S. §§ 3808(a)(1) and 1543(b)(1), do not infringe on Appellant's constitutional right to operate a motor vehicle where no such right exists. **See** Trial Court Opinion, filed 11/23/15, at 2-4.

Accordingly, we agree with counsel and conclude that the issue raised in the **Anders** Brief is wholly frivolous. Furthermore, our independent review of the record confirms counsel's assertion that Appellant cannot raise any non-frivolous issues in this appeal. **See Flowers, supra** at 1250. Thus, we grant Attorney Kalenish's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

The parties are instructed to attach a copy of the trial court's Opinion, filed 11/23/15, to all future filings.

Judgment of Sentence affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2016



**IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF
PENNSYLVANIA,

vs.

NICHOLAS A. MYERS,

        Defendant.

\*
\*
\*
\*   No. 0810-2015
\*
\*
\*   Opinion Pursuant to Rule of Appellate
\*   Procedure 1925(a)(1)
\*
\*

# Opinion Pursuant to Rule of Appellate Procedure 1925(a)(1)

**Krumenacker, J:** On September 1, 2015, following a non-jury trial Nicholas A. Myers (Myers), was convicted of one count each of illegally operating a motor vehicle not equipped with ignition interlock and driving while operating privilege is suspended or revoked, second offense.[1] A single count of driving the wrong way on a one-way street was dismissed.[2] That same day Myers was sentenced as follows:

1)    Count 1 – illegally operating a motor vehicle not equipped with ignition interlock – pay the costs of prosecution, pay a fine of $300.00 and serve forty-five (45) to ninety (90) days incarceration consecutive to any other sentence being served.

2)    Count 2 – driving while operating privilege is suspended or revoked, second offense –pay a fine of $200.00 costs of prosecution and serve forty-five (45) to ninety (90) days incarceration concurrent to Count 1.

---

[1] 75 Pa. C.S. §§ 3808(a)(1) and 1543(b)(1) respectively.
[2] 75 Pa. C.S. § 3308(b).

Myers filed a timely notice of appeal and a Concise Statement of Matters Complained of on Appeal (Concise Statement) pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) as Ordered by this Court. In his Concise Statement Myers raises the sole allegation of error that the underlying statutes violate his constitutional right to operate a vehicle upon public highways. For the following reasons the appeal should be dismissed and the Court's Order should be affirmed.

# DISCUSSION

In his sole allegation Myers asserts that sections 3808 and 1543 of the Motor Vehicle Code violate his constitutional right to operate a motor vehicle on public highways. Neither the United States Constitution nor the Pennsylvania Constitution recognizes a right to operate a motor vehicle. Further, neither the United States Supreme Court nor the Pennsylvania Supreme Court has found such a right to exist. It is well settled that the operation of a vehicle is a privilege afforded by the state, subject to regulation by it, and right guaranteed by the Constituion. See, Commonwealth v. Mudd, 589 Pa. 160, 162, 907 A.2d 1048, 1049 (2006); Commonwealth v. Zimmick, 539 Pa. 548, 559, 653 A.2d 1217, 1222-23 (1995); Commonwealth Dep't of Transp. v. Wysocki, 517 Pa. 175, 177-78, 535 A.2d 77, 78 (1987); Commonwealth v. Funk, 323 Pa. 390, 186 A. 65 (1936) (permission to operate a motor vehicle upon the highways of this Commonwealth is a privilege subject to such conditions as the legislature may see fit to impose). Accordingly, neither statute at issue can impermissibly infringe on Myers' constitutional right to operate a vehicle where no such right exists.

To the extent that Myers asserts a claim that either section 3808 or section 1543 violates the equal protection clause such claims must also fail. Legislation enacted by the General Assembly carries a strong presumption of constitutionality, and the party challenging the

constitutionality of any statute bears the heavy burden of demonstrating that the statute is clearly, palpably and plainly unconstitutional. Commonwealth v. Burnsworth, 543 Pa. 18, 24, 669 A.2d 883, 886 (1995). Under an equal protection analysis, a classification which does not impermissibly interfere with a fundamental right or disadvantageously affect a suspect class will be upheld as long as it passes a rational relationship test. Id. at 30, 669 A.2d at 889.

As noted above driving is a privilege, not a fundamental right nor does either section burden a suspect class. Therefore, in order to prevail on an equal protection claim, Myers must establish that the asserted classification and disparate treatment of certain drivers, those convicted of DUI offense, does not bear a rational relationship to a legitimate state interest. Commonwealth v. Hicks, 502 Pa. 344, 348, 466 A.2d 613, 615 (1983), *appeal dismissed,* 465 U.S. 1015, 104 S.Ct. 1260, 79 L.Ed.2d 668 (1984).

Because police powers are extremely broad, especially in relation to the safety of those who use the Commonwealth's highways, both the United States Supreme Court and the Pennsylvania Supreme Court have held that legislation enacted for the purpose of protecting those who travel the roads from intoxicated drivers does not violate equal protection as long as the legislation does not impinge upon a suspect class or upon a fundamental right. Mackey v. Montrym, 443 U.S. 1, 17-18, 99 S.Ct. 2612, 2620-21, 61 L.Ed.2d 321 (1979); Commonwealth v. Mikulan, 504 Pa. 244, 261, 470 A.2d 1339, 1347 (1983). The legislature's decision to punish persons with the use of an ignition interlock device who have been convicted of a DUI offense is rationally related to the state's interest of protecting those who use the state's highways by keeping intoxicated drivers off of those highways. Mackey, *supra;* Mikulan, *supra.* See also, Probst v. Com., Dep't of Transp., Bureau of Driver Licensing, 578 Pa. 42, 849 A.2d 1135 (2004) (statute that required driver, whose license was suspended for one-year due to DUI

conviction, to install an ignition interlock on his vehicle or face an additional year-long license suspension did not violate the equal protection clause, even if some drivers would be unable to afford the interlock system; under the rational basis test, the State's interest in shielding its citizens from the hazards that intoxicated drivers pose was furthered by denying the privilege of driving for an additional year to those recidivist DUI offenders who could not pay to install such a device on their respective vehicles). Therefore, the application of section 3808 withstands equal protection scrutiny.

As to an equal protection challenge to section 1543, our Supreme Court has already definitively determined that section 1543 does not violate equal protection. Commonwealth v. Jenner, 545 Pa. 445, 459, 681 A.2d 1266, 1273 (1996) (application of § 1543(b) from the date of the DUI conviction resulting in a suspension until the date on which driving privileges are restored withstands equal protection scrutiny).

As there is no merit to this allegation of error, Myers' appeal should be dismissed and the Court's verdict and sentence should be affirmed.

Respectfully submitted,

_____
Norman A. Krumenacker, III, Judge

November 23, 2015