**Mark DiGIOVANNI**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING,** Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 29, 1998.

Decided Sept. 18, 1998.

Marc A. Werlinsky, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

Barry John Much, Sr., Media, for appellee.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Delaware County (trial court) which sustained the statutory appeal of Mark J. DiGiovanni (Licensee) from a one year suspension of his operating privileges imposed by the Department pursuant to Section 1547(b)(1) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b)(1) for failing to submit to chemical testing. We reverse.

The facts in this case as determined by the trial court are as follows. On January 2, 1997, Trooper Daniel Onisick (Trooper) of the Pennsylvania State Police force responded to a one vehicle accident. The Trooper observed that the vehicle, which was unoccupied, had crashed into a tree located near the side of the road. The Trooper and his colleague searched the area and eventually located the Licensee approximately one-quarter of a mile away at a convenience store speaking on the phone. In response to the Trooper's question, Licensee acknowledged that he was the driver of the vehicle involved in the accident.

The Trooper observed that the Licensee had a strong odor of alcohol on his breath and slurred speech. Licensee failed to adequately perform field sobriety tests and was arrested for driving under the influence of alcohol. The Trooper transported Licensee to the hospital to perform a blood test. The Licensee however did not submit to the test.

Because of his failure to submit to the test, the Department suspended Licensee's operating privileges. Licensee appealed to the trial court which conducted a de novo hearing.

██ In addition to making the above findings, the trial court determined that Licensee presented the credible testimony of Dr. Bruce M. Bogdanoff. Dr. Bogdanoff testified that during the car accident, Licensee struck his face on the steering wheel with enough force to break his jaw. Based on information given to him by the Licensee and a review of the emergency room notes, Dr. Bogdanoff opined that Licensee suffered a concussion in the accident and was unable to make a knowing and conscious refusal. Based on the testimony of Dr. Bogdanoff, the trial court determined that Licensee was not able to make a knowing and conscious refusal. The trial court therefore sustained Licensee's appeal. This appeal by the Department followed.[1]

Department maintains that Licensee failed to prove that he was incapable of making a knowing and conscious refusal as the testimony of Dr. Bogdanoff was speculative and did not establish a nexus between his injury and his refusal. Moreover, Dr. Bogdanoff could not eliminate the consumption of alcohol as a factor in Licensee's refusal.

██ Initially, we note that the Department met its burden of proving that the Licensee was arrested for driving under the influence of alcohol, was requested to submit to a chemical test, refused to do so and was specifically warned that a refusal would result in the suspension of his operating privileges. *Department of Transportation, Bureau of Driver Licensing v. Boucher,* 547 Pa. 440, 691 A.2d 450 (1997). As such, the burden shifted to Licensee to prove by competent evidence that he was physically incapable of making a knowing and conscious refusal. *Id.* Where, as here, there is no obvious medical inability to perform the test, a licensee must prove that he was incapable of making a knowing and conscious refusal

1. Our review in a license suspension case is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed or whether the trial court committed a manifest abuse of discretion. *Gombar v. Department of Transportation, Bureau of Driver Licensing,* 678 A.2d 843 (Pa.Cmwlth.1996).

through competent and unequivocal medical testimony. *Jacobs v. Department of Transportation, Bureau of Driver Licensing,* 695 A.2d 956 (Pa.Cmwlth.1997) *petition for allowance of appeal denied,* —— Pa. ——, 700 A.2d 443 (1997).

In this case, Licensee presented the deposition testimony of Dr. Bogdanoff, who examined Licensee approximately six months after the January 2 accident. Dr. Bogdanoff testified on direct examination as follows:

Q Okay. Doctor, do you have an ópinion based upon a reasonable degree of medical certainty whether Mr. DiGiovanni was suffering from a concussion on the evening of January 2, 1997?

. . . .

A Based on the history given by Mr. DiGiovanni and the emergency room record, my conclusion is that he did indeed sustain a concussion as a result of the motor vehicle accident.

Q Do you have an opinion, Doctor, within a reasonable degree of medical certainty as to whether a cerebral concussion would render an individual incapable of making a knowing and conscious, or for that matter, a knowing and intelligent decision regarding their implied consent rights?

. . . .

THE WITNESS: It certainly could do that, yes.

Q And why is that, Doctor?

A As stated before, a concussion by definition is an injury to the brain and that can impair an individual's decision making, individual's judgment, individual's ability to take certain facts or information that is presented and deal with them in a reasonable fashion.

. . . .

Q. Do you have an opinion within a reasonable degree of medical certainty as to whether Mr. DiGiovanni could have made a knowing and conscious and intelligent decision regarding anything on the night of January 2nd 1997.

. . . .

THE WITNESS: Again, assuming the accuracy of the records and the history, his refusal on that early morning, his under-standing of the issues would be impaired due to the concussion that he sustained. (R.R. at 62a–66a.)

On cross-examination, Dr. Bogdanoff testified to the following:

Q. Let me rephrase the question. Knowing that Mr. DiGiovanni consumed alcohol and knowing that he exhibited behavior that would be consistent with the consumption of alcohol, are you able to rule out the consumption of alcohol as being a factor in Mr. DiGiovanni's conduct that night?

A. I understand the question. I cannot rule out that alcohol could be a factor.

Q. Would it be fair to state, Doctor, that you can not rule out alcohol as a factor in Mr. DiGiovanni's refusal?

A. If his history is accurate that he had only two beers, I think it's unlikely that that was the cause of his refusal. Again, going all by history, and it's much more likely that head injury would do that, not two beers.

(R.R. at 88a–89a.)

▪ The testimony of Dr. Bogdanoff, at best, indicates that a concussion could have affected Licensee's ability to make a knowing and conscious refusal. However, Dr. Bogdanoff could not rule out that alcohol could have been a contributing factor. "[I]f a motorist's inability to make a knowing and conscious refusal of testing is caused, in whole or *in part,* by the consumption of alcohol, the motorist's affirmative defense fails." *Gombar* at 847 (emphasis added).

▪ Moreover, "[w]hile we will not interfere with the trial court's prerogative in finding the facts based on substantial evidence, a review of the record here reveals that Dr. [Bogdanoff's] testimony is simply not legally sufficient under the case law to serve as a basis for the court's determination." *Barbour v. Department of Transportation, Bureau of Driver Licensing,* 701 A.2d 990, 993 (Pa.Cmwlth.1997), *petition for allowance of appeal granted,* 710 A.2d 606 (Pa. 1998). In *Barbour,* like here, the trial court accepted the testimony of licensee's medical expert and concluded that the licensee's head injuries rendered him unable to make a knowing

and conscious refusal of chemical testing and reinstated the licensee's operating privileges. We reversed the trial court in *Barbour* because although the doctor testified that the licensee sustained serious head injuries, which more than likely caused disorientation, the doctor did not definitively state that the injuries rendered him incapable of making a knowing and conscious refusal. Similarly, in this case Dr. Bogdanoff did not definitively state that Licensee's head injuries prohibited him from making a knowing and conscious refusal. Rather, Dr. Bogdanoff opined that the concussion could have prohibited him from making a knowing and conscious refusal but that he could not rule out alcohol as a factor.

Because Licensee failed to meet his burden of proof in this case, the order of the trial court is reversed.

### *ORDER*

NOW, September 18, 1998, the order of the Court of Common Pleas of Delaware County at No. 97–2509, dated October 22, 1997, is reversed.