# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Togba                                    :
                                                :
                v.                              :    No. 928 C.D. 2019
                                                :    SUBMITTED:  December 27, 2019
Commonwealth of Pennsylvania,                   :
Department of Transportation,                   :
Bureau of Driver Licensing,                     :
                        Appellant               :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  August 26, 2020**


The Department of Transportation, Bureau of Driver Licensing, appeals from the order of the Court of Common Pleas of Delaware County sustaining the statutory appeal of Samuel Togba, Licensee, from an eighteen-month suspension of his operating privilege. The suspension had been imposed by the Department pursuant to Section 1547(b)(1)(ii) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1)(ii),[1] as a consequence of Licensee's reported refusal to submit to chemical testing in connection with his arrest for violating Section 3802 of the Vehicle Code, 75 Pa.C.S.

---

[1] Subsections 1547(a) and (b) of the Vehicle Code, 75 Pa.C.S. § 1547(a) and (b), are referred to as the Pennsylvania Implied Consent Law, under which the Department is required to suspend a licensee's operating privilege for at least one year for refusing a police officer's request to submit to chemical testing.  Additionally, to impose a suspension of eighteen months in length, the Department was required to show that Licensee was subject to one of the statutory enhancing provisions contained in 75 Pa.C.S. § 1547(b)(1)(ii); here, the Certified Driving History entered into evidence by the Department showed that Licensee was convicted on February 28, 2017, of violating 75 Pa.C.S. § 3802(a)(1) on May 26, 2016 (Reproduced Record "R.R." at 83a).

§ 3802 [relating to driving under the influence of alcohol or controlled substance (DUI)]. We reverse.

The trial court, which conducted a hearing *de novo*, at which Licensee and Upper Darby Police Officer Robert Bennett testified, filed findings of fact and conclusions of law in June 2019 (Findings of Fact and Conclusions of Law "F.F./C.L" 1-51, Reproduced Record "R.R." at 87a-93a). Following appeal to this Court, the trial court issued an opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a) (R.R. at 106a-118a). We summarize the trial court's findings below.

Officer Bennett testified in relevant part as follows. On March 11, 2018, Officer Bennett responded to a dispatch at 3:55 a.m. about a motor vehicle accident and arrived thirty seconds later. On the sidewalk, he saw a gray Porsche SUV with extensive damage. Licensee was outside the vehicle, staggering in circles on the highway, and bleeding from his forehead. The officer smelled alcohol on Licensee's person. Licensee had bloodshot and watery eyes and slurred speech. He admitted that he consumed alcohol in the form of a couple glasses of champagne that evening. He admitted to driving the Porsche SUV, stating that he had swerved to avoid another vehicle that had cut him off. Licensee could not remember any further details about the accident, including a description of the other vehicle. Officer Bennett, concerned with Licensee's physical condition, did not administer field sobriety tests and called an ambulance. Medics took Licensee to the hospital via ambulance.

Officer Bennett arrived at the hospital twenty minutes later and saw Licensee on an emergency room bed. He did not speak to anyone at the hospital about Licensee's medical condition. Officer Bennett testified that other than hospital

2

personnel giving him something to hold on his head, Licensee had not received medical treatment prior to speaking to him at the hospital. Officer Bennett informed Licensee that he was under arrest for DUI and read him the DL-26 Form verbatim.[2] Officer Bennett testified that although he could not recall the words Licensee used, Licensee refused to submit to chemical testing.

Licensee testified in relevant part as follows. Licensee had two or three glasses of champagne on the evening of the incident. Licensee recalled another vehicle cutting him off, but did not remember hitting anything. Although Licensee recalled telling Officer Bennett about how the accident occurred, his next memory was of being discharged from the hospital. Licensee had no other memory of what happened between the time the other vehicle cut him off and his discharge from the hospital in the afternoon and evening hours of Sunday, March 11. Licensee testified that he bled from cuts inside his nose and received instructions on treatment, and that for more than two weeks after the accident, his nose bled periodically and he had a headache.

The trial court found credible the testimony of Licensee and, more limitedly, Officer Bennett regarding Licensee's injuries. (F.F./C.L. 48-49, R.R. at 93a.) The trial court concluded that Licensee was incapable of making a knowing and conscious refusal based upon his "obvious[,] severe, [and] incapacitating injuries." (F.F./C.L. 50, R.R. at 93a.)

The Department appealed to this Court and, at the direction of the trial court, filed a statement of errors complained of on appeal under Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(b). The trial court's

---

[2] The Department's DL-26 Form contains the chemical test warnings and report of refusal to submit to chemical testing as authorized by Section 1547 of the Vehicle Code.

opinion under Pa. R.A.P. 1925(a) expanded upon its analysis and found that it properly sustained the appeal.

On appeal, the Department raises the following issues, paraphrased slightly and reordered:

> Did Licensee fail to satisfy his burden of proof that his admitted consumption of alcohol did not contribute to his inability to make a knowing and conscious refusal of chemical testing?
>
> Was the trial court's finding that Licensee satisfied his burden of proof that he was incapable of making a knowing and conscious decision to refuse chemical testing supported by competent evidence?

(Department Br. at 4.)[3] We agree with the Department that Licensee was required to show by unequivocal expert medical testimony that his alcohol consumption did not contribute to his inability to make a knowing and conscious refusal and that Licensee failed to meet this burden.

It is not disputed that the Department met its prima facie burden to sustain a suspension of operating privilege under Section 1547.[4] That being so, the

---

[3] As these issues raise questions of law, our review is plenary.

[4] In order to support the suspension of Licensee's operating privilege under Section 1547(b)(1), the Department had the burden of proving the following:

> (1) Licensee was arrested for violating Section 3802 of the Vehicle Code by a police officer who had "reasonable grounds to believe" that Licensee was operating or was in actual physical control of the movement of a vehicle while in violation of Section 3802 (i.e., while driving under the influence); (2) Licensee was asked to submit to a chemical test; (3) Licensee refused to do so; and (4) Licensee was specifically warned that a refusal would result in the suspension of

4

burden shifted to Licensee to show that he was incapable of making a knowing and conscious refusal. Therefore, Licensee was required to prove that (1) he was physically incapable of completing the chemical (blood) test or (2) his refusal was not knowing and conscious. *Kollar v. Dep't of Transp., Bureau of Driver Licensing*, 7 A.3d 336, 339 (Pa. Cmwlth. 2010). Here, Licensee did not contend that he was physically incapable of completing a blood test and thus was required to show that his refusal was not knowing and conscious.

Generally, expert medical testimony is required in order to establish a licensee was unable to provide a knowing and conscious refusal to submit to chemical testing. *Id*. at 340. A medical expert *must* rule out alcohol as a contributing factor to the licensee's inability to offer a knowing and conscious refusal in order to satisfy the licensee's burden. *Id.* Indeed, if the motorist's inability to make a knowing and conscious refusal of testing is caused in whole *or in part* by consumption of alcohol, the licensee is precluded from meeting his or her burden as a matter of law. *Id.* [citing *DiGiovanni v. Dep't of Transp., Bureau of Driver Licensing,* 717 A.2d 1125 (Pa. Cmwlth. 1998)]. This Court has repeatedly held that a licensee has not met his or her burden, even where expert medical testimony was presented, if such testimony did not establish with a reasonable degree of medical certainty that alcohol was not a contributing factor to the licensee's inability to make a knowing and conscious refusal. *Kollar* (reversing trial court's sustaining of appeal because physician's testimony was equivocal concerning whether concussion or alcohol consumption caused inability to give knowing and conscious refusal); *Scott*

his operating privileges and would result in enhanced penalties if he was later convicted of violating Section 3802(a)(1).

*Garlick v. Dep't of Transp., Bureau of Driver Licensing*, 176 A.3d 1030, 1035 (Pa. Cmwlth. 2018) (*en banc*) (emphasis omitted).

*v. Dep't of Transp., Bureau of Driver Licensing*, 6 A.3d 1047 (Pa. Cmwlth. 2010) (reversing trial court's sustaining of appeal where doctor did not testify unequivocally that a panic attack prevented a knowing and conscious refusal); *Dailey v. Dep't of Transp., Bureau of Driver Licensing*, 722 A.2d 772 (Pa. Cmwlth. 1999) (reversing trial court's sustaining of appeal where psychiatrist could not separate effects of alcohol from bipolar disorder); *DiGiovanni* (reversing trial court's sustaining of appeal where physician did not definitively state that licensee's head injuries prohibited him from making a knowing and conscious refusal).

In this case, there is no dispute that Licensee consumed alcohol shortly before his collision. Licensee testified that he had consumed alcohol at a party shortly before the incident and the trial court specifically found his testimony credible. Officer Bennett corroborated Licensee's testimony, including observing evidence of intoxication at the scene and taking Licensee's statement that he had consumed alcohol. Given this evidence, it was Licensee's burden to show through unequivocal medical evidence that alcohol was *not* a contributing factor to his inability to offer a knowing and conscious refusal. Licensee instead presented no medical evidence at all. Thus, he clearly failed to meet his evidentiary burden.

We also find inapposite the cases relied upon by the trial court in concluding that medical evidence was not necessary in this case. Such cases allow a licensee to establish inability to make a knowing and conscious refusal without medical evidence where there are "*severe, incapacitating* injuries that are *obvious[.]*" *Ostermeyer v. Dep't of Transp., Bureau of Driver Licensing*, 703 A.2d 1075, 1077 (Pa. Cmwlth. 1997) (emphasis in original). It is not obvious on the facts found by the trial court that Licensee's injuries were so severe and incapacitating as to render him incapable of making a knowing and conscious refusal. *Compare Dep't*

6

*of Transp., Bureau of Traffic Safety v. Day*, 500 A.2d 214 (Pa. Cmwlth. 1985) (finding medical evidence unnecessary where record showed licensee suffered a broken jaw, severe facial lacerations, a broken arm, an injured leg, and blows to the back of the head), *and Ostermeyer* (reversing trial court's sustaining of appeal where alleged head injuries were insufficiently obvious not to require licensee to produce medical evidence). While whether a licensee is capable of making a knowing and conscious refusal is a factual determination to be made by the trial court, *Kollar,* 7 A.3d at 340, such a determination must be supported by competent evidence in the record, *Lanthier v. Department of Transportation., Bureau of Driver Licensing,* 22 A.3d 346, 352 (Pa. Cmwlth. 2011). Here, we conclude that the facts found concerning Licensee's injuries are more analogous to those found in cases like *Ostermeyer* than those in *Day*.

In light of the foregoing, we reverse.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Samuel Togba | : |
| | : |
| v. | : No. 928 C.D. 2019 |
| | : |
| Commonwealth of Pennsylvania, | : |
| Department of Transportation, | : |
| Bureau of Driver Licensing, | : |
| Appellant | : |

## **O R D E R**

AND NOW, this 26<u>th</u> day of <u>August</u>, 2020, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby REVERSED.  It is DIRECTED that the eighteen-month suspension of Samuel Togba's operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing be reinstated.

 

 

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge